Grafton,  }
Oct. 5, 1915. }

## ROSAMOND A. WATERMAN v. LEBANON.

Money deposited in a Vermont savings bank by a resident of this state is not taxable here.

The reënactment of a statute without change is a legislative adoption of the judicial interpretation previously given it.

PETITION, for the abatement of taxes assessed against the plaintiff by the selectmen of Lebanon upon the amount of her deposit in the White River Savings Bank, a corporation doing business in Vermont. Trial at the October term, 1914, of the superior court before *Sawyer*, J., who ordered the petition dismissed. To this order the plaintiff excepted. The only question raised relates to the validity of the tax.

*Remick & Jackson* (*Mr. Remick* orally), for the plaintiff.

*Fred A. Jones, James P. Tuttle*, attorney-general, and *Joseph S. Matthews*, assistant attorney-general (*Mr. Matthews* orally), for the defendants.

WALKER, J. The tax which the plaintiff seeks to have abated was assessed under section 7, chapter 55, of the Public Statutes, which specifies the classes of personal property that are subject to taxation. One of the classes there designated includes "money on hand or at interest more than the owner pays interest for, including money deposited in any bank other than a savings bank within this state." If this provision of the statute was not intended to apply to money of a resident deposited in a bank like the White River Savings Bank, doing business in Vermont, the plaintiff's money was wrongfully taxed in this state; it was taxed without legislative authority. "Our statute sets out and describes the different classes of personal property liable to be taxed, and no other personal property than the kinds thus specified and enumerated is liable to be taxed in this state." *Nashua Savings Bank* v. *Nashua*, 46 N. H. 389, 392; *Canaan* v. *District*, 74 N. H. 517, 528, 539. It would therefore be illogical to discuss the question whether the legislature could authorize the taxation of the plaintiff's money deposited in a foreign savings bank, until it is determined that it has attempted to exercise such power. The primary inquiry relates

to the intention of the legislature in the passage of the statute above quoted, and not to its jurisdictional power to tax deposits in another state.

Did the legislature of 1891, which enacted the revision of the statutory law of the state known as the Public Statutes, intend to authorize the imposition of such a tax as was assessed against the plaintiff? The language of the present statute is the same as that contained in the previous revision of 1878 (G. L., c. 53, s. 6), which has been defined and limited by the decisions in *Berry* v. *Windham*, 59 N. H. 288, and *Robinson* v. *Dover*, 59 N. H. 521, both of which were rendered in 1880. It was held in those cases that the statute did not authorize the taxation in this state of a resident's deposit in a Massachusetts savings bank which was rightfully taxable in that state. This decision limiting the operation of the statute has not been overruled or questioned, and has been recognized and observed by the assessors of the state for many years. In 1891, when the Public Statutes were enacted, the legislature is presumed to have been cognizant of the interpretation put upon the statute by the court and to have adopted that construction, in the absence of any change in the phraseology used or other competent evidence of a different purpose. In the language of the court in *Parsons* v. *Durham*, 70 N. H. 44, 45, in reference to another statute: "The reënactment of this section in 1891, without change, was an adoption of the judicial interpretation that had been given to it (*Tomson* v. *Ward*, 1 N. H. 9; *Mooers* v. *Bunker*, 29 N. H. 420; *Frink* v. *Pond*, 46 N. H. 125; *Jewell* v. *Holderness*, 41 N. H. 161, 163), unless it appears, as the defendants claim, that the legislature attached a different meaning to the language." This principle of construction is also approved in *Noyes* v. *Marston*, 70 N. H. 7, 22; *Harriman* v. *Moore*, 74 N. H. 277, 280; *Green* v. *Bancroft*, 75 N. H. 204, 206.

It is unnecessary, therefore, so far as the present case is concerned, to reconsider the grounds upon which *Berry* v. *Windham* and *Robinson* v. *Dover* were decided, or to inquire whether a similar result would now be reached. The action of the legislature precludes such an inquiry. It has adopted the construction of the court as announced in those cases, which must be enforced until it furnishes evidence of a change of purpose.

It is not suggested that the savings bank in which the plaintiff's money is deposited possesses any peculiarities which distinguish it in any essential respect from the ordinary savings bank, in which the depositors receive such dividends as are earned and declared

and are entitled to a *pro rata* share of the assets upon dissolution. Nor does it appear that it differs in its general character from the Massachusetts savings banks considered in the Berry and Robinson cases. Those decisions, having been in effect adopted by the legislature of 1891, show that the tax assessed against the plaintiff was not authorized by the statute and that it must be abated.

*Exception sustained.*

All concurred.