WALTER P. LACHANCE & a. v. JOSEPH DONDERO & a.

158

*Frank E. Blackburn* and *Thomas J. McGreal* (*Mr. McGreal* orally), for the plaintiffs.

*Hughes & Burns,* for the defendants, furnished no brief.

Woodbury, J.   In 1844 the Superior Court of Judicature, then the final court of appeal in this state, in a carefully considered opinion described the nature of  the right obtained by an  attaching  creditor

in the property attached under the statute, then Rev. Stat., *c.* 184, now P. L., *c.* 332, as follows:

"By the operation of the attachment thus provided for, and regulated, if lands are attached, the debtor or other person in possession is not disturbed in his possession until the levy of the execution; but the attachment fastens itself, as a charge or incumbrance upon the land, from the time it is made, so that any subsequent purchaser, even before a levy, can only take subject to the incumbrance of the attachment, nor can any other creditor, by a levy of an execution, avoid the operation of this charge or incumbrance. The plaintiff in the action gains a priority of right, from the date of his attachment, to have satisfaction of his claim out of the estate attached, in case he shall obtain a judgment." *Kittredge* v. *Warren*, 14 N. H. 509, 522. Later on in the opinion in this case, (page 527) the court said, "we can have no hesitation in declaring that an attachment on mesne process, in this state, even before judgment, or default, is a lien, or security on property, valid by the laws of the state; the more especially, as the statutes of the state have denominated it the first for more than twenty years, and those of the state and of the province, have characterized it as the latter for a period considerably exceeding a century." These statements have since been repeatedly reaffirmed. *Kittredge* v. *Emerson*, 15 N. H. 227, 256; *Colby* v. *Ledden*, 17 N. H. 273; *Stone* v. *Anderson*, 26 N. H. 506, 517; *Kidder* v. *Tufts*, 48 N. H. 121, 125; *Murphy* v. *Hill*, 68 N. H. 544; *Rochester Lumber Co.* v. *Locke*, 72 N. H. 22; *Hurlburt* v. *Brown*, 72 N. H. 235.

It follows that when Lachance bought the lot in question from Mary he took only the interest therein which Mary had, that is, the fee subject to the lien created by the attachment made by Joseph and Theophilus in their action against her. At the time of his purchase, then, he stood in Mary's shoes with respect to satisfaction out of the property attached of any judgment which might be obtained by Joseph and Theophilus against Mary. Lachance then built upon the lot and, under familiar principles, that building became part of the realty. 1 Hen. Dig., Fixtures, 717. By so doing he increased the value of the encumbered property. The question presented is whether the attaching creditors of Mary, having obtained judgment against her, may reach this increased value and apply it to the satisfaction of their claim.

This precise question does not appear to have been passed upon before by this court. But in *Beland* v. *Goss*, 68 N. H. 257, a case in

which the value of the property attached was increased between the date of attachment and the date of levy by loss of the debtor's homestead right and the payment of a mortgage, the following language appears: "By the attachment, the creditor acquired a statutory lien upon the debtor's interest in the property, not only as it was at the time the attachment was made, but such additional interest as he might have at the time the property was taken on execution." This would seem to indicate that the creditor is entitled to the value of the property attached at the time of the levy of his execution and not its value at any previous time.

This is the rule applied elsewhere to the situation here presented. "The question has arisen as to whether a prior judgment lien covers improvements or betterments made by a subsequent purchaser, in view of the general principle that the lien extends only to the actual interest of the debtor and not to equities of third persons. However, it has been held that inasmuch as such a purchaser is charged with notice of the lien, he does not come within the rule governing betterments or improvements made by one under a title believed by him to be good, and that after-acquired equities cannot be asserted against the lien." 2 Freeman, Judgments (5th *ed.*) 2049. In *Taylor* v. *Morgan*, 86 Ind. 295, a case squarely in point cited in the above text, the following language is used: "Improvements on land, like houses and wells, when constructed by the owner of the fee, become part of the realty, and he must take notice that whatever lien there may be, which can be foreclosed or enforced upon the fee, will necessarily take with the fee such permanent structures as he may have chosen to erect." And again the Virginia court, in the case of *Nixdorf* v. *Blount*, 111 Va. 127, said: "Such purchasers [*i. e.* those who purchase attached land] hold the property in subordination to the right of the creditor to subject it to his judgment in the condition in which he finds it at the time of such enforcement, without diminution or allowance for betterments placed upon it." In view of the practical difficulties inherent in the application of any other rule, particularly when the property has declined rather than advanced in value between the date of attachment and the date of levy of execution, we are satisfied that the rule announced above is correct. See also *Ritter* v. *Cost*, 99 Ind. 80.

As a subsidiary question the court below inquires if "the answer to any of the foregoing questions [would] be changed or modified if it appeared as a fact that prior to the completion of service upon the defendant, Mary A. Dondero Ferranti, Joseph Dondero and

Theophilus Dondero, the plaintiffs, knew that Lachance, (a) with actual knowledge of said attachment, or, (b) without actual knowledge of said attachment, was erecting a building on the lot in question?" The inquiry is not properly before us. Under the procedure here in vogue of transfering important questions of law to this court in advance of trial in the court below (*Glover* v. *Baker*, 76 N. H. 261), "it is not the practice to consider difficult questions of law which may not arise when the facts are found." "It is not the duty of the court under the guise of this procedure to advise the parties in advance as to their rights under all possible facts which might be proved." *White Mountain &c. Co.* v. *Murphy*, 78 N. H. 398, 403.

In accordance with the foregoing the first three questions are answered in the negative, the fourth in the affirmative, and the fifth not at all.

*Case discharged.*

All concurred.