Strafford,
No. 5357.

### STEVE PERUTSAKOS *v.* WILLIAM C. TARMEY, *Adm'r.*

Argued December 7, 1965.
Decided February 28, 1966.

*James Koromilas* ( by brief and orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ), for the defendant.

WHEELER, J. Action in case brought under RSA 556:11 against the administrator of the estate of Richard Tarmey to recover for personal injuries caused by the alleged negligence of the decedent Tarmey on September 13, 1956 when his motor vehicle struck the plaintiff while a pedestrian, walking on a certain sidewalk.

The decedent died on May 11, 1962 and on September 12, 1962 William C. Tarmey was appointed administrator of his estate. On the same day the plaintiff exhibited a demand under RSA ch. 556 to the administrator of the decedent's estate for the alleged

injuries resulting from the accident and also on the same day commenced suit against him.

Defendant moved to dismiss this action on the ground that it had been commenced prior to the expiration of six months from the date of the original grant of administration. After hearing the motion to dismiss was granted by *Leahy*, C. J. Upon appeal to this court the order of the court below dismissing the action was sustained. *Perutsakos* v. *Tarmey*, 105 N. H. 49.

On July 9, 1963 the plaintiff brought a second action against the defendant under RSA 556:11 which provides: "NEW ACTION. If an action is not then pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards."

The defendant moved to dismiss the action on the ground that the cause of action was barred by the general statute of limitations ( RSA 508:4 ) since the injury complained of occurred on September 13, 1956 and the instant action was brought on July 9, 1963. The motion to dismiss was granted and all questions of law raised by the plaintiff's exception to the granting thereof were reserved and transferred by *Leahy*, C. J.

The plaintiff contends that under this section notwithstanding the fact that more than six years had elapsed since the cause of action accrued, the present action is not barred by the general statute of limitations RSA 508:4, since it was not pending between the original parties at the time of the death of defendant's intestate and was brought within two years after his death. Furthermore the plaintiff argues, section 11 would appear to expressly extend the time within which suits may be brought which would otherwise be barred by the general statute of limitations, citing *Brown* v. *Leavitt*, 26 N. H. 493; *Morse* v. *Whitcher*, 64 N. H. 591. *Brown* and *Morse* are authorities construing the purpose and effect of RSA 556:7 ( supp ) which "does not apply to actions for personal injuries or wrongful death, the survival of which depends upon RSA chapter 556, sections 9-14 inclusive . . . . " Seventh Report, N. H. Judicial Council ( 1958 ) *p.* 17.

In the instant case, suit was commenced on July 9, 1963 which was well within two years after death of the decedent on May 11, 1962, and within one year next after the original grant of ad-

ministration on September 12, 1962. RSA 556:5 (supp). See *Hall* v. *Brusseau*, 100 N. H. 87. No action was pending at the time of death, and the action was not then barred by the general statute of limitations. RSA 556:11. We think that the words of *s.* 11, "has not already become barred" mean an action which has not become barred at the time of the death of the deceased party. See RSA 556:10.

In other words section 11 permits suits within a designated period after the decedent's death on all claims not already barred at the time of such death by the general statute of limitations. 34 Am. Jur., Limitation of Actions, *s.* 213, *p.* 170; 21 Am. Jur., Executors and Administrators, *s.* 901, *p.* 877; 34 C.J.S., Executors and Administrators, *s.* 730, *p.* 731.

The facts in *Heath* v. *Cleveland*, 104 N. H. 451, are clearly distinguishable from those in the case at bar. In *Heath* the first petition was dismissed because it was begun within six months after the original grant of administration. RSA 556:1 (supp). The second action was dismissed since it was brought more than two years after the death of the decedent. *Id.,* 453.

The plaintiff here is entitled to maintain his pending action. An additional question under RSA 556:28, transferred without ruling by *Keller*, J., requires no answer in view of the foregoing conclusion.

*Exception sustained; remanded.*

All concurred.