Hillsborough
No. 84-454

### LISA COFFEY p/p/a JAMES COFFEY AND JAMES COFFEY AND MARIA COFFEY

v.

### YVONNE BRESNAHAN, AS ADM'X OF THE ESTATE OF B. FRANCIS BRESNAHAN, M.D., AND CATHOLIC MEDICAL CENTER

February 27, 1986

*Brown & Nixon P.A.*, of Manchester (*Francis G. Murphy, Jr.*, and *Michael P. Hall* on the brief, and *Mr. Murphy* orally), for the plaintiffs.

*Sulloway, Hollis & Soden,* of Concord (*Arthur W. Mudge* on the brief and orally), for the defendant Yvonne Bresnahan.

BROCK, J. In this interlocutory transfer without ruling, we are asked to determine, *inter alia,* whether the statutes of limitations and prohibitions contained in RSA 556:1, :3, :5, and :11 bar the plaintiffs' medical malpractice action against the defendant estate. We hold that RSA 556:11 does not bar the plaintiffs' action, and remand for a determination of whether RSA 556:28 may be applied to relieve plaintiffs from the penalty of noncompliance with RSA 556:1, :3, and :5.

By writ dated April 11, 1984, the plaintiffs, Lisa Coffey and her parents, James and Maria Coffey, brought this medical malpractice action, sounding in tort and contract, against the defendants, Yvonne Bresnahan, as administratrix of the estate of B. Francis Bresnahan, M.D., and Catholic Medical Center. Plaintiffs James and Maria Coffey allege that in early March 1978, when Lisa Coffey was nearly one year old, they sought the advice of the child's pediatrician, Dr. Bresnahan, when she became sick with diarrhea, vomiting and fever. On March 3, 1978, she was admitted to the Catholic Medical Center under the care of Dr. Bresnahan. The plaintiffs claim that their daughter, now eight years of age, suffered serious brain damage as a result of severe dehydration, allegedly occurring while Lisa was under the care of Dr. Bresnahan. The plaintiffs claim that the injuries Lisa suffered were a direct result of the allegedly inadequate medical care she received at that time.

Dr. Bresnahan died on August 3, 1979. Yvonne Bresnahan was appointed administratrix of his estate on August 8, 1979, and, as of the date of this opinion, administration of the estate has not closed. The defendant Yvonne Bresnahan, through her amended motion to dismiss, claimed (1) that suit was not instituted within two years from the date of Dr. Bresnahan's death as required by RSA 556:11 (1974) (since amended), (2) that no demand was exhibited to the administratrix prior to institution of the suit as required by RSA 556:1, and (3) that the suit was not commenced within one year of the original grant of administration as required by RSA 556:5.

The plaintiffs, in opposing the motion to dismiss, argued (1) that RSA 556:1 cannot be used to deprive persons under disabilities of their rights, (2) that RSA 556:5 and :11 were tolled by RSA 508:8 and the "discovery rule," (3) that the amended version of RSA 556:11 applied, (4) that if their tolling arguments were rejected, a denial of equal protection would result, (5) that their contract claims were timely under RSA 556:15, and (6) that relief should be provided under RSA 556:28 if their claims were considered late. Following a

hearing, the Superior Court (*Flynn*, J.) transferred to this court without ruling the numerous issues raised by the motion to dismiss.

In dealing with the equal protection issues raised by the interlocutory transfer, we first consider whether the plaintiffs' action is barred by the statute of limitations in RSA 556:11. RSA 556:11 provides that actions in tort for personal injuries may be brought "at any time within two years after the death of the deceased party, and not afterwards."

■ Our analysis of this issue begins with our recent decision in *Gould v. Concord Hospital*, 126 N.H. 405, 493 A.2d 1193 (1985). In *Gould*, we considered the constitutionality of the limitations period contained in RSA 556:11 in the context of a wrongful death action by the administratrix of an estate against a hospital and a physician. We held that the classification created by RSA 556:11 violated the equal protection clause of the New Hampshire Constitution, N.H. CONST. pt. I, arts. 1, 2, and 12. *Gould* at 409, 493 A.2d at 1196. In determining that the application of the two-year statute of limitations violated principles of equal protection, we stated that "the State's interest in the prompt administration of estates is not sufficiently important to justify discrimination against plaintiffs in survival actions, relative to plaintiffs in other tort actions." *Id.* While there may be some policy distinctions between a case in which an administrator is the party bringing the action and one in which he or she is a defendant, we nevertheless believe that the plaintiffs' "substantive rights," *id.*, outweigh the State's interest in the speedy administration of estates in both cases. Accordingly, the present plaintiffs' action may not constitutionally be barred by the two-year statute of limitations set forth in RSA 556:11.

In *Gould*, however, we did not address the question of whether, in view of our decision in that case, RSA 556:11 had any continuing validity. As more fully discussed below, we conclude that the statute is constitutional when a six-year limitations period is substituted for the unconstitutional two-year limitation contained in the old statute.

■ "At common law, actions sounding in tort were considered personal and abated upon the death of either party." *Guerin v. N.H. Catholic Charities*, 120 N.H. 501, 504, 418 A.2d 224, 226 (1980) (citations omitted). RSA 556:11 partially abrogates the common law by providing that tort actions not then pending survive the death of a party and, thus, creates a right of action. *See id.* Hence, if we were to declare the provision unconstitutional in its entirety, we would effectively deprive survival plaintiffs of their statutory rights of action in tort for personal injuries. Given our recognition of the sig-

nificant substantive rights of plaintiffs in survival actions, *Gould, supra* at 409, 493 A.2d at 1196, we invoke the familiar principle that "[a] statute will not be construed to be unconstitutional, where it is susceptible to a construction rendering it constitutional." *White v. Lee,* 124 N.H. 69, 77–78, 470 A.2d 849, 854 (1983) (citations omitted).

In *Belkner v. Preston,* 115 N.H. 15, 332 A.2d 168 (1975), we considered the constitutionality of the time limitation contained in RSA 556:10, and applied a rational basis test. The court concluded that the application of the statute in that case violated the equal protection clause of the fourteenth amendment to the United States Constitution. *Id.* at 19, 332 A.2d at 172. We disagreed with the defendants in that case, however, who argued that if the court declared the time limitation unconstitutional, then the entire statute would have to be stricken. *Id.* at 20, 332 A.2d at 172. Rather, we held that a time limitation for an action may be declared unconstitutional without affecting the continued validity of the statutory cause of action, "if it appears that the legislature would have enacted the statute without the offending provision." *Id.* (citations omitted). The same approach is applicable here.

The primary purpose of RSA 556:11 is to abrogate the common law rule barring tort actions where a party has died and to preserve such actions by allowing the commencement of a suit which was not pending at the time of the death. We believe that the legislature would have chosen to enact a comparable provision with a constitutional limitation period, and we therefore conclude that the unconstitutional two-year limitation period may be stricken without affecting the continued validity of the right of action recognized in RSA 556:11.

Under the equal protection clause of the New Hampshire Constitution, the legislature may not constitutionally bar the suits of tort plaintiffs in survival actions after only two years, when other tort plaintiffs are permitted to bring an action and, thus, recover for their injuries for six years. *See Gould v. Concord Hospital,* 126 N.H. at 409, 493 A.2d at 1196. Accordingly, we construe RSA 556:11 to provide that an action may be brought at any time within six years after the death of a deceased party. *See* RSA 556:11 (Supp. 1983) (amending RSA 556:11 (1974) to allow actions "at any time within 6 years after the death of the deceased party[.]").

Dr. Bresnahan died in August 1979, and the plaintiffs commenced this action in the spring of 1984. The action thus was timely under the six-year limitations period. This does not end the matter, however, for there is an additional requirement in RSA 556:11; that is,

the suit must not have already become barred by the statute of limitations in RSA 508:4. *See* RSA 556:11; *see also Lozier v. Brown Company*, 121 N.H. 67, 70, 426 A.2d 29, 31 (1981).

 This issue was determined by the court in *Perutsakos v. Tarmey*, 107 N.H. 51, 217 A.2d 177 (1966), where we stated that "[w]e think that the words of [section] 11, 'has not already become barred' mean an action which has not become barred at the time of the death of the deceased party. . . . In other words section 11 permits suits within a designated period after the decedent's death on all claims not already barred at the time of such death by the general statute of limitations." *Id.* at 53, 217 A.2d at 179 (citations omitted). In the instant case, suit was clearly not barred at the time of Dr. Bresnahan's death and, thus, the second requirement of RSA 556:11 has been satisfied.

Because we agree with the defendant that the plaintiffs' contract claims are, in substance, tort claims and therefore should be treated as alleging claims in tort, *see Gould v. Concord Hospital*, 126 N.H. at 408, 493 A.2d at 1195, we need not consider whether those claims are barred under RSA 508:4. *See* RSA 556:15.

We next consider whether the plaintiffs' action is barred by the limitations in RSA 556:1, :3, and :5. Under RSA 556:1, "[n]o action shall be sustained against an administrator . . . unless the demand has been exhibited to the administrator and payment has been demanded." RSA 556:5 prohibits a suit from being "maintained against an administrator for any cause of action against the deceased, unless it has begun within one year next after the original grant of administration, . . . ." "Failure to give notice of claim within the prescribed six-month period [RSA 556:1, :3] . . . serves to extinguish [a] plaintiff's claim unless the remedy of RSA 556:28 is applicable." *Lunderville v. Morse*, 112 N.H. 6, 7, 287 A.2d 612, 613 (1972) (citations omitted). Accordingly, the plaintiffs argue that they are entitled to relief under RSA 556:28.

RSA 556:28 provides:

> "Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the superior court, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him judgment for the amount due to him; but the judgment shall not affect any pay-

ments or compromises made before the beginning of the proceedings."

The purpose underlying RSA 556:1, :3, and :5 is to secure the speedy settlement of estates. *Sullivan v. Marshall*, 93 N.H. 456, 458, 44 A.2d 433, 434 (1945). In the instant case, however, two facts are of particular signficance in determining whether relief under RSA 556:28 should be granted: first, administration of the defendant estate has not yet closed; and, second, the plaintiffs' amended special declaration limits its claims against Dr. Bresnahan's estate to the amount of liability insurance coverage.

This court's recognition of the substantive right of tort plaintiffs to recover for their injuries is also significant. As we have previously held, "the right to recover for personal injuries is . . . an important substantive right." *Carson v. Maurer*, 120 N.H. 925, 931–32, 424 A.2d 825, 830 (1980) (citations omitted). In addition, "[t]he law of torts is premised on the policy that a person who unreasonably interferes with the interests of another should be liable for the resulting injury." *Gould v. Concord Hospital*, 126 N.H. at 409, 493 A.2d at 1196. Thus, a number of factors should be taken into account by the trial court in determining whether equity and justice require that plaintiffs be allowed to bring their claims. These factors include, but are not limited to, the fact that administration of the estate has not yet closed, that any judgment recovered is likely to be satisfied by insurance coverage, and that Lisa Coffey is a minor and allegedly incompetent. This list is not to be considered exhaustive. If the trial court determines that equity and justice so require, the plaintiffs should be permitted to bring their claims against the defendant estate if the court also finds that plaintiffs were not guilty of culpable neglect.

Culpable neglect has been interpreted as follows: "'It is less than gross carelessness, but more than the failure to use ordinary care, it is a culpable want of watchfulness and diligence, the unreasonable inattention and inactivity of "creditors who slumber on their rights."'" *Mitchell v. Smith*, 90 N.H. 36, 38, 4 A.2d 355, 358 (1939) (quoting *Holway v. Ames*, 100 Me. 208, 211, 60 A. 897, 898 (1905)). It exists "[i]f no good reason, according to the standards of ordinary conduct, for the dormancy of the claim is found, . . . ." *Id.* at 38, 4 A.2d at 357.

In their petition for relief under RSA 556:28, the plaintiffs allege that Dr. Bresnahan did not inform them of his failure to properly diagnose and treat Lisa's illness and that because of his silence they "did not discover and could not reasonably have been

expected to discover . . . the existence of their cause of action against him until January of 1984, when they had the relevant medical records reviewed by another pediatrician and learned his opinion that the care provided by Dr. Bresnahan was inadequate and unacceptable." Thus, there is evidence that plaintiffs are not guilty of culpable neglect. This is a factual issue to be determined on remand, and we hold that if the finding on this issue is in favor of plaintiffs, RSA 556:28 may be applied to relieve them of the strictures of RSA 556:1, :3, and :5.

As to whether application of the discovery rule, in lieu of application of RSA 556:28, should relieve plaintiffs of the strictures of RSA 556:1, :3, and :5, we do not resolve this issue because it would not be prudent at this stage to "'consider difficult questions of law which may not arise when the facts are found.'" *Lachance v. Dondero*, 91 N.H. 157, 161, 16 A.2d 59, 61 (1940) (quoting *Glover v. Baker*, 76 N.H. 261, 262, 81 A. 1081, 1082 (1911)). For reasons of judicial economy, we also will not decide the issue of the application of the disability tolling provision, RSA 508:8, to RSA 556:1, :3, and :5, preferring to permit first a trial of the case below. As we stated in *Glover supra*, "[w]hether the facts or the law should first be ascertained is determined by questions of expediency and convenience in each case." *Glover*, 76 N.H. at 268, 81 A. at 1085. Given our resolution of the issues presented, we need not address the parties' additional arguments.

*Remanded.*

KING, C.J., did not sit; DUNN, J., superior court justice, sat by special assignment under RSA 490:3; SOUTER, J., concurred specially; the others concurred.

SOUTER, J., concurring specially: I concur in the opinion because I believe that the case is controlled by *Gould v. Concord Hospital*, 126 N.H. 405, 493 A.2d 1193 (1985). Although the interests of the estate as defendant in this case are different from the interests of the estate as plaintiff in *Gould*, RSA 556:1, :3, :5 and :28 provide adequate recognition of such differing interests of the defendant estate as appear on the present record.