Lincoln F. DAVIS, Jr. as personal representative of the Estate of Lincoln F. Davis, III

v.

Paula BRITTON as Personal Representative of the Estate of James R. Britton.

Nos. 88–424–L, 89–145–L, 89–156–L and 89–160–L.

United States District Court, D. New Hampshire.

June 26, 1989.

---

1. For a full explication of the facts, see this Court's prior order. *Pedraza v. Shell Oil Co.,* 724 F.Supp. 1, 5–6 (D.Mass.1989).

# 190

Flannery & Ansel by David J. Ansel, Boston, Mass., Dalton & Toomey by Charles F. Dalton, Jr., Andover, Mass., Curley & Curley, P.C. by Martin J. Rooney, Meehan, Boyle & Cohen, P.C. by Leo V. Boyle, Boston, Mass., and Ransmeier & Spellman by Lawrence Smith, Concord, N.H., for plaintiffs.

Shaines & McEachern, P.A. by Paul McEachern, Sheehan, Phinney, Bass & Green by Peter F. Kearns, Portsmouth, N.H., U.S. Dept. of Justice by Debra J. Kossow, Sr. Admiralty Counsel, Torts Branch, Civ. Div., Washington, D.C., and U.S. Attorney's Office by Gretchen Leah Witt, Asst. U.S. Atty., Concord, N.H., for defendants.

## ORDER ON MOTIONS TO DISMISS

LOUGHLIN, Senior District Judge.

On April 25, 1987, a recreational sailing vessel, the "Caraffe," crashed on a breakwater in Delaware Bay. As a result of this maritime incident, actions were commenced in this court pursuant to the court's admiralty jurisdiction, 28 U.S.C. § 1333, as well as diversity of citizenship, 28 U.S.C. § 1332. The defendant in these actions, Paula M. Britton, is the duly appointed administratrix of the estate of James R. Britton. The defendant has moved for dismissal of the actions alleging failure on behalf of the plaintiffs to commence suit within the statutory time limitation. The plaintiffs object to the motions. The relevant facts are as follows.

James R. Britton, Jr., was the owner and captain of the sailing vessel "Caraffe," a 34 foot long recreational vessel. In the early spring of 1987, Britton attempted to sail the vessel from Maryland to New Hampshire. At this point there appears some disagreement as to the size of his crew, but it is clear that a Mr. Lincoln F. Davis, III, and Dylan Collesidis were crew members.

On April 25, 1987, the Caraffe began to flounder on a breakwater in the Harbor of Refuge, Cape Henlopen, Delaware. The Caraffe eventually crashed killing Mr. Britton and Mr. Davis and injuring Mr. Collesidis.

The defendant, Paula M. Britton, was appointed the administratrix of the estate of James R. Britton, Jr., on June 23, 1987. Lincoln F. Davis, Jr., commenced this action as the personal representative of the estate of Lincoln F. Davis, III, on April 4, 1989. Neil Collesidis commenced this action on behalf of, and as next friend of the minor, Dylan Collesidis, on April 5, 1989. Mr. Collesidis has additionally named the United States as a defendant as well as Paula Britton.

In support of her motion to dismiss, the defendant contends that these actions are time barred under the New Hampshire "non-claim" statute pertaining to estates in probate.

> No suit shall be maintained against an administrator for any cause of action against the deceased, unless it is begun within one year next after the original grant of administration, exclusive of the time such administration may have been suspended, except in cases where he has retained estate in his hands for the payment of the claim by order of the judge, and cases provided for by RSA 556:7 and RSA 556:28.

R.S.A. 556:5

The defendant claims that since Paula Britton was appointed administratrix of the estate of James R. Britton, Jr., on June 23, 1987, R.S.A. 556:5 bars any action commenced against the estate after June 23, 1988.

In ruling on a motion to dismiss, the material facts alleged in the complaint are construed in the light most favorable to the non-moving party, and taken as true, with dismissal ordered only if the non-moving party is not entitled to relief under any set of facts it could prove. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

L.Ed.2d 90 (1974); *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987); *Melo–Tone Vending, Inc. v. United States*, 666 F.2d 687, 688 (1st Cir.1981). The issue is not whether the non-moving party will ultimately prevail, but is whether the non-moving party is entitled to offer evidence to support its claims. *Scheuer v. Rhodes*, 416 U.S. at 236, 94 S.Ct. at 1686.

The statute in issue is not unlike the "non-claim" statutes found in numerous jurisdictions. The purpose of the statute is to "secure the speedy settlement of estates." *Coffey v. Bresnahan*, 127 N.H. 687, 693, 506 A.2d 310 (1986). As the defendant points out, the statute has been recently reexamined by the New Hampshire Supreme Court.

> Our statute contains both short and long-term filing provisions, the former tied to administration of the estate, RSA 556:1–:5, and the latter to the date of the decedent's death, RSA 556:29. The short-term provisions, relevant here, require creditors to file notice of claim with the estate's executor or administrator within six months of the original grant of administration. RSA 556:2, :3. Creditors then must bring suit within one year of the grant of administration, RSA 556:5, but may not bring suit within the first six months. RSA 556:1. Suits against an estate may be sustained only if notice of claim is properly exhibited. RSA 556:1.

*Stewart v. Farrel*, 131 N.H. 458, 460–61, 554 A.2d 1286 (1989).

It is clear, therefore, that R.S.A. 556:5 would normally act to bar a claim against an estate instituted in excess of one year after the appointment of the administrator. However, the plaintiffs contend that R.S.A. 556:5 is inapplicable since this action arises from a maritime tort which is subject to a three year statute of limitations.

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

46 U.S.C.App. § 763a.

Since the plaintiffs' actions were commenced within three years of the alleged tort, the plaintiffs claim that the actions are not time barred.

■ Since the state "non-claim" statute and the federal maritime tort statute of limitations appear to be in conflict in this case, the question becomes one of preemption. Congress may preempt state law by expressly providing for preemption. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977). Absent an express intention by Congress, courts must consider the federal scheme of legislation, the role of the states in that scheme, and whether the field of legislation is one in which the federal interest is so dominant "that it precludes enforcement of state laws on the subject." *Fidelity Federal Savings and Loan Assoc. v. De La Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). Admiralty and maritime law, are areas in which Congress has created a broad scheme of legislation and has expressed a particular interest in developing uniform laws which would remove the "discrepancies" resulting from the application of state statutes. *Moragne v. States Marine Lines*, 398 U.S. 375, 400–01, 90 S.Ct. 1772, 1787–88, 26 L.Ed.2d 339 (1970); *see also Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 215, 106 S.Ct. 2485, 2490, 91 L.Ed.2d 174 (1986).

■ This same congressional intent is reflected in the legislative history of 46 U.S.C.App. § 763a.

> Congressional dedication to uniformity in the maritime law was manifested in legislation resulting in the amendments to the Longshoreman and Harbor Worker's Compensation Act in 1972. 86 Stat. 1251, 33 U.S.C. § 905. The Report of the House Education and Labor Committee H.R. Rep. 1441, 92nd Cong., 2d Sess. 1972, U.S.Code Cong. & Adm.News p. 4695 at p. 4705 recites: "Finally, the Committee does not intend that the negligence remedy authorized in the bill

should be applied differently in different ports depending on the law of the State in which the port may be located. The Committee intends that legal questions which may arise in actions brought under the provisions of the law shall be determined as a matter of Federal law.

In view of comments such as this and the off-repeated judicial deference in the cases to Congress in this area, it is likely that a uniform national statute of limitations for maritime personal injury and death litigation should be legislated.

HOUSE SUB COMM. ON STATUTES OF LIMITATION, UNIFORM STATUTE OF LIMITATIONS FOR MARINE TORTS, H.R. 3748, 96th Cong., 2nd Sess. (1979) (Statement of Francis X. Byrn, Chairman).

The foregoing leaves little doubt as to Congress' intention to preempt conflicting state statutes in regard to maritime torts. However, any remaining doubt as to the application of 46 U.S.C.App. § 763a in contravention of R.S.A. 556:5 is vanquished by a reading of *Cox v. Roth*, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955). Although decided prior to enactment of § 763a, *Cox* holds that the three year statute of limitation applicable under the Jones Act, 46 U.S.C.App. § 688, preempted a Florida "non-claim" statute similar to the one at issue in this case. *Id.* at 210, 75 S.Ct. at 244.

Petitioners make the further claim that even if the Jones Act is interpreted to allow an action to proceed against the personal representatives of the tortfeasors, this suit must fail because respondent did not comply with the Florida statute governing the distribution of decedents' estates. The short answer to this is that Congress, within its constitutional power, decreed a 3-year statute of limitations uniformly throughout the Nation, *Panama R. Co. v. Johnson*, 264 U.S. 375, 392 [44 S.Ct. 391, 396, 68 L.Ed. 748 (1924)], and no state statute can diminish this period.

*Id.*

The statute of limitations for maritime torts is not a Jones Act statute. The Jones Act was created to provide merchant sea-

men with a proper avenue of recourse for injuries occurring at sea. *Moragne*, 398 U.S. at 390, 90 S.Ct. at 1782. The statute at issue here falls under the heading of Death on the High Seas Act, and allows an avenue of recourse for anyone involved in a maritime tort. *Id.*

Since the legislative history of § 763 expressly indicates an intent to adopt the Jones Act three year statute of limitation, it is clear the holding in *Cox, supra,* requires a finding that 46 U.S.C.App. § 763a preempts R.S.A. 556:5, and is the controlling statute of limitation in this action.

Notwithstanding this court's decision on defendant's motions to dismiss, it is clear that these cases arise from the same tragic incident and that there exists a likelihood of identical issues of law. In such a situation, courts are accorded the option of ordering a consolidation.

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a).

Since these appear to be appropriate cases for application of Rule 42(a), the court hereby orders that they be consolidated.

It is therefore, the decision of this court to deny the defendant's motions to dismiss (Doc. # s 4 & 6) and to consolidate actions 89–156–L and 89–160–L.