Hillsborough-southern judicial district
No. 95-576

### LYNNE CHEEVER, ADMINISTRATOR OF THE ESTATE OF CORY CHEEVER

v.

### SOUTHERN NEW HAMPSHIRE REGIONAL MEDICAL CENTER & a.

January 28, 1997

*Normand & Shaughnessy, P.A.*, of Manchester (*Brian C. Shaughnessy* on the brief and orally), for the plaintiff.

*Sulloway & Hollis*, of Concord (*Martin L. Gross* and *Sarah G. Smith* on the brief, and *Mr. Gross* orally), for defendant Southern New Hampshire Regional Medical Center.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Gregory G. Peters* and *Lee R. Allman* on the brief, and *Mr. Allman* orally), for defendant Arthur Ansdell, M.D.

JOHNSON, J. The plaintiff, Lynne Cheever, administrator of the estate of Cory Cheever, appeals the order of the Superior Court (*Arnold*, J.) granting the defendants' motion to dismiss on the basis that the plaintiff's action is time-barred. We affirm.

In the early morning hours of April 7, 1989, Lynne Cheever, then twenty-seven weeks pregnant, was admitted to defendant Southern New Hampshire Regional Medical Center on the advice of her treating physician, defendant Arthur Ansdell. She was experiencing contractions, cramping, and bleeding. At the hospital, Mrs. Cheever was administered a series of drugs in an attempt to stop labor. Mrs. Cheever's contractions continued, however, and she delivered a child, Cory Cheever (the decedent), at 5:49 a.m. The parties agree that the child died later that morning, and that the plaintiff filed a writ of summons on March 31, 1995. The writ alleged that both defendants were negligent in the care and treatment provided to the decedent on April 7. *See* RSA 556:12 (1974). The defendants filed separate motions to dismiss, arguing that the action was time-barred because RSA 556:11 (Supp. 1996) provides for a three-year statute of limitations period. The plaintiff objected, arguing that her action is not barred because RSA 556:11 provides for a six-year statute of limitations for wrongful death actions. The superior court granted the defendants' motions, and this appeal followed.

The parties dispute what is the appropriate statute of limitations period applicable to this case. RSA 556:11, which governs wrongful death actions, states: "If an action is not then pending, one may be brought for such cause at any time within 6 years after the death of the deceased party, subject to the provisions of RSA 508." The pertinent section of RSA chapter 508 provides: "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of." RSA 508:4 (Supp. 1996). The plaintiff argues that RSA 556:11 provides a six-year statute of limitations period for wrongful death actions, while the defendants read the "subject to the provisions of RSA 508" language to mandate a three-year limit. The superior court found in favor of the defendants, holding that "the six year limitations period expressly provided in RSA 556:11 is negated by RSA 508. The language of RSA 556:11 referencing RSA 508 signifies that the two statutes must be read together."

■ Wrongful death actions are "creature[s] of statute without common law origins, [and] survive[] only to the extent and in the manner provided by the legislature." *Hebert v. Hebert*, 120 N.H. 369, 370, 415 A.2d 679, 680 (1980). "[T]his court is the final arbiter of the intent of the legislature as expressed in the words of a statute

considered as a whole," *State v. Farrow*, 140 N.H. 473, 474, 667 A.2d 1029, 1031 (1995) (quotations omitted), and when the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language, *see Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 282, 539 A.2d 263, 273 (1988), *appeal dismissed*, 488 U.S. 1035 (1989). The six-year period referenced in RSA 556:11 is, by the express terms of the statute, "subject to the provisions of RSA 508." It is well settled that "principles of statutory interpretation require us . . . to construe the law in a manner consistent with its plain meaning, when possible." *In re Guardianship of Raymond E.*, 135 N.H. 688, 689-90, 609 A.2d 1220, 1220 (1992) (quotations omitted). The plain meaning of the phrase "subject to" indicates that the six-year period set forth in the statute is subservient to or governed by the provisions of RSA chapter 508. *See Anderson v. Southwest Sav. & Loan Ass'n*, 571 P.2d 1042, 1044-45 (Ariz. Ct. App. 1977); BLACK'S LAW DICTIONARY 1425 (6th ed. 1990) (defining "subject to"). Thus, because we construe statutes to effectuate their evident purpose, *Quality Carpets v. Carter*, 133 N.H. 887, 889, 587 A.2d 254, 255 (1991), the applicable statute of limitations period in this instance must be three years.

The plaintiff, however, argues that the six-year period applies to wrongful death actions, whose damages are defined by RSA 556:12, while only survival actions brought pursuant to RSA 556:9 (1974) are "subject to" the three-year limitation period established for "personal actions" in RSA 508:4. She argues in her brief that the distinctions between the survival of personal actions and wrongful death actions are central to a finding that the superior court committed reversible error. As the plaintiff herself states, however, "a personal action is a claim for damages either sustained by the person harmed *or otherwise derivative of* or a continuation of a claim existing in the person harmed." (Emphasis added.) Although wrongful death actions are brought by the decedent's administrator or executor, *see* RSA 556:12, "both they and survival [actions] are dependent upon the rights of the deceased." RESTATEMENT (SECOND) OF TORTS § 925 comment *a* at 528 (1979); *cf. In re Estate of Fontaine*, 128 N.H. 695, 699-700, 519 A.2d 227, 230 (1986) (while wrongful death action is vested in administrator when decedent dies, it "does not change the fact that [the] losses are the decedent's"). Therefore, in the context of interpreting whether the three-year period set forth in RSA 508:4 applies to wrongful death actions, the differences between the two actions are immaterial. Furthermore, a plain reading of the statute reveals no indication

that the legislature intended to distinguish between survival and wrongful death actions for purposes of determining the length of the limitations period. We review a statute as written and will not add words that the legislature did not see fit to include. *See Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1025 (1994).

The plaintiff also argues that the superior court erred in relying on the legislative history surrounding the 1983 amendment to RSA 556:11 that added the phrase "subject to the provisions of RSA 508." *See* N.H.S. JOUR. 898 (1983). The plaintiff argues that it was improper for the trial court to rely on the 1983 legislative history of an amendment to RSA 556:11 since RSA 508:4 itself was amended in 1986. *See* Laws 1986, 227:12. This argument is without merit. The trial court's decision did not depend upon the legislative history of the statutes. Rather, the court expressly noted that *if* it "were to find that a reading of RSA 556:11 in conjunction with RSA 508 revealed an ambiguity rather than a clear result, the Court could look to the legislative history of the statutes to aid in their interpretation," and that "[i]n either case, the Court's conclusion would be the same." Furthermore, because we resolve the matter by interpreting the plain meaning of RSA 556:11, we need not address the plaintiff's legislative history argument.

Finally, the plaintiff argued that the superior court erred when it stated that providing for a six-year statute of limitations period for wrongful death actions would violate the equal protection clause of the State Constitution. Because this case can be resolved on the basis of the statute's plain meaning, we likewise need not address this claim of error. *See Barksdale v. Town of Epsom,* 136 N.H. 511, 512, 618 A.2d 814, 815 (1992).

*Affirmed.*

BRODERICK, J., concurred in the result only; the others concurred.