NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
No. 2017-0559

MONICA ANDERSON

v.

ESTATE OF MARY D. WOOD

Argued: September 13, 2018
Opinion Issued: November 28, 2018

Leahy & Leahy, PLLC, of Penacook (Linda B. Sullivan Leahy on the brief and orally), for the plaintiff.

O'Shaughnessy, Walker & Buchholz, P.A., of Manchester (James G. Walker on the brief and orally), for the defendant.

HICKS, J. The plaintiff, Monica Anderson, appeals a decision of the Superior Court (O'Neill, J.) dismissing her personal injury action against the defendant, the Estate of Mary D. Wood, as time-barred by RSA 508:4 (2010). We reverse and remand.

The following facts are taken from the trial court's orders; the procedural history is taken from the record before us. On April 5, 2013, the plaintiff was involved in a motor vehicle accident with a vehicle driven by Mary D. Wood (Wood). The plaintiff commenced suit by complaint dated March 25, 2016, alleging that Wood had caused her injury by negligently rear-ending her

vehicle. The complaint was mistakenly served on Wood's daughter, who was also named Mary D. Wood. The daughter moved to dismiss on the grounds that Wood had passed away on January 22, 2015, and the plaintiff had no cause of action against the daughter, who was neither the administrator of Wood's estate nor had any legal relationship with, or legal duty to, the plaintiff.

On April 29, 2016, the plaintiff moved to amend her complaint to substitute the Estate of Mary D. Wood for Mary D. Wood as the defendant. The plaintiff's motion alleged that she had filed a petition for estate administration for the Estate of Mary D. Wood and that she would serve notice of the action on the estate once the circuit court ruled on that petition.

On June 30, 2016, the trial court dismissed the action, ruling, sua sponte, that it did not have subject matter jurisdiction. The court noted the plaintiff's concession that she had filed the action against the wrong defendant, but concluded that it could not grant her motion to amend because there was "nothing in the record to suggest . . . that an Estate of Mary D. Wood presently exists." The parties did not dispute that Wood died intestate and no estate had been opened immediately following her death. The court acknowledged the plaintiff's allegation that she had sought to open an estate, but noted that the plaintiff had not provided "any documentation demonstrating that the [circuit court] ever issued a grant of administration of said estate." Accordingly, the court dismissed the action, ruling that "there is presently no legal entity that can be properly substituted for the current defendant such that this Court would possess subject matter jurisdiction over this action pursuant to RSA 556:7." See RSA 556:7 (2007).

In August 2016, a certificate of appointment was issued, naming an administrator of the Estate of Mary D. Wood. The plaintiff filed her complaint in the instant action on April 4, 2017. The defendant moved to dismiss, arguing that the statute of limitations had run on the claim.

The trial court granted the motion to dismiss. The court ruled that because the action "is one for personal injury, and it was not pending until after [Wood's] death[,] . . . said action falls within the purview of RSA 556:11, and is thus subject to the limitations of RSA 508:4." See RSA 508:4; RSA 556:11 (2007). The court further ruled:

> It is undisputed that the accident giving rise to the present cause of action occurred on April 5, 2013. Therefore, in order to satisfy the three-year statute of limitations period set forth in RSA 508:4, the plaintiff was required to file the present action by April 5, 2016. Because the present action was filed April 4, 2017, nearly one year after the three-year statute of limitations had run, the Court finds that the plaintiff's claim is time-barred by RSA 508:4.

2

This appeal followed.

We first set forth our standard of review.

> In reviewing a trial court's ruling on a motion to dismiss, we generally consider whether the [plaintiff's] allegations are reasonably susceptible of a construction that would permit recovery. The [defendant], however, moved to dismiss based exclusively upon the statute of limitations. The statute of limitations is an affirmative defense and the [defendant] bear[s] the burden of proving that it applies.

State v. Lake Winnipesaukee Resort, 159 N.H. 42, 45 (2009) (citations omitted). As there was no dispute regarding the dates on which the cause of action accrued and on which suit was brought, the trial court's conclusion that the statute of limitations had run is a ruling of law. Accordingly, our review is de novo. Id.

On appeal, the plaintiff argues, among other things, that the trial court misapplied RSA 556:11 in dismissing her complaint. That statute provides: "If an action is not then pending, one may be brought for such cause at any time within 6 years after the death of the deceased party, subject to the provisions of RSA 508." RSA 556:11. Citing Coffey v. Bresnahan, 127 N.H. 687 (1986), the plaintiff asserts that because her claim was not time-barred by RSA 508:4 at the time of Wood's death, RSA 556:11 allows her six years from the date of Wood's death to commence her action. She contends that her suit filed on April 4, 2017 was timely because: (1) at the time of Wood's death on January 22, 2015, three years had not passed since the accrual of her cause of action on April 5, 2013; and (2) at the time her complaint was filed on April 4, 2017, six years had not passed since Wood's death on January 22, 2015.

The defendant, on the other hand, argues that in Cheever v. Southern New Hampshire Regional Medical Center, 141 N.H. 589 (1997), we interpreted RSA 556:11 "as being subservient to the general statute of limitations contained in RSA 508:4." The defendant contends that the issue presented here was decided in Cheever, and that the three-year statute of limitations in RSA 508:4 controls. Thus, according to the defendant, the statute expired on April 5, 2016 — three years after the cause of action accrued.

The parties' arguments require us to interpret both our prior case law and the applicable statutory provisions.

> In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute and ascribe the plain and ordinary meanings to the words

3

used. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Unless we find statutory language to be ambiguous, we will not examine legislative history.

Balise v. Balise, 170 N.H. 521, 524 (2017) (citations omitted). We review the trial court's interpretation of statutes de novo. Id.

In Coffey, we applied a prior version of RSA 556:11, which provided: "If an action is not then pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards." RSA 556:11 (1974) (amended 1983); see Coffey, 127 N.H. at 690. In light of our holding in Gould v. Concord Hospital, 126 N.H. 405 (1985), that "the classification created by RSA 556:11 violated the equal protection clause of the New Hampshire Constitution," we did not apply the statute as written. Coffey, 127 N.H. at 690. Instead, we "conclude[d] that the statute [was] constitutional when a six-year limitations period is substituted for the unconstitutional two-year limitation." Id. Under that construction, the plaintiff's action, commenced in 1984 against a defendant who had died in 1979, "was timely under the six-year limitations period." Id. at 691.

That conclusion, we noted, "d[id] not end the matter, . . . for there is an additional requirement in RSA 556:11; that is, the suit must not have already become barred by the statute of limitations in RSA 508:4." Id. at 691-92. On that issue, we found our decision in Perutsakos v. Tarmey, 107 N.H. 51 (1966), controlling. Coffey, 127 N.H. at 692. In that case, we held:

> We think that the words of [RSA 556:11], "has not already become barred" mean an action which has not become barred at the time of the death of the deceased party.
>
> In other words section 11 permits suits within a designated period after the decedent's death on all claims not already barred at the time of such death by the general statute of limitations.

Perutsakos, 107 N.H. at 53 (quoting RSA 556:11) (citation omitted). The acts of alleged medical malpractice giving rise to the suit in Coffey had occurred in 1978. Coffey, 127 N.H. at 689. Thus, given our holding in Perutsakos, we concluded that the suit in Coffey "was clearly not barred at the time of [the defendant's] death and, thus, the second requirement of RSA 556:11 has been satisfied." Id. at 692.

In 1983, the legislature amended RSA 556:11 to its present form. The plaintiff implicitly contends that this amendment did not abrogate our

4

decisions in Coffey and Perutsakos, as she asserts that she satisfied RSA 556:11's requirement that her claim must not have been barred by RSA 508:4 at the time of Wood's death. We agree.

We have long held that when the legislature amends a statute, it "is presumed to [be] cognizant of the interpretation put upon the statute by the court." Waterman v. Lebanon, 78 N.H. 23, 24 (1915). It is further presumed "to have adopted that construction, in the absence of any change in the phraseology used or other competent evidence of a different purpose." Id. On the other hand, we have also noted that "any material change in the language of" a statute by amendment is "[o]rdinarily . . . presumed to indicate a change in legal rights." Appeal of Manchester Transit Auth., 146 N.H. 454, 458 (2001) (quotations omitted).

In Petition of CIGNA Healthcare, 146 N.H. 683 (2001), we recognized a third possibility: a substantial revision to a statute that, nevertheless, conforms to pre-existing statutory construction. See Petition of CIGNA Healthcare, 146 N.H. at 690. There, we determined that amendments that were admittedly intended to expand probate court jurisdiction nevertheless did not extend them to the point urged by the respondent because, given the presumption that the legislature knew of our previous narrow construction of statutes involving probate court jurisdiction, it would not "have left [its] intention to be inferred from a single doubtful expression but would have conferred the authority in plain and explicit terms." Id. at 690 (quotation and ellipsis omitted). Courts in other jurisdictions have applied similar reasoning. See, e.g., Havens v. Portfolio Inv. Exchange Inc., 983 F. Supp. 2d 1007, 1011 (N.D. Ind. 2013) (noting that "when a legislature is aware that a statute is being interpreted in a particular way and [amends it in a way that] fails to expressly reject that construction, it has effectively 'acquiesced' to it"); Pudmaroff v. Allen, 951 P.2d 335, 337 (Wash. Ct. App. 1998) ("The Legislature is presumed to be familiar with judicial interpretations of statutes" and "[u]nless there is an indication the Legislature intended to overrule a particular interpretation, amendments are presumed to be consistent with previous interpretations.").

Here, nothing in the plain language of RSA 556:11, as amended, clearly evinces an intent to abrogate the holdings of Coffey and Perutsakos. The pertinent language was changed from "has not already become barred by the statute of limitations," RSA 556:11 (1974) (amended 1983), to "subject to the provisions of RSA 508," RSA 556:11. We interpret this amended language as consistent with the holdings of Coffey and Perutsakos. Accordingly, we conclude that the 1983 amendment to RSA 556:11 was not intended to, and did not, abrogate our interpretation of that statute in Coffey and Perutsakos. See, e.g., Havens, 983 F. Supp. 2d at 1011; Pudmaroff, 951 P.2d at 337. We also agree with the plaintiff that she satisfied the requirement that, at the time of Wood's death, her claim was not barred by RSA 508:4 — Wood died on

5

January 22, 2015, less than three years from the accrual of the plaintiff's cause of action on April 5, 2013.

We now must determine whether the plaintiff's claim was brought within the applicable limitations period. We first note two events subsequent to the amendment of RSA 556:11 that impact that determination. First, in 1986, RSA 508:4 was amended to, among other things, change the six-year limitations period to three years. See Laws 1986, 227:12. Subsequently, we decided Cheever, the case relied upon by the defendant. In Cheever, the plaintiff commenced a wrongful death action against a doctor and a hospital on March 31, 1995, alleging negligence in the care given to the decedent on April 7, 1989, the date he died. Cheever, 141 N.H. at 590. The plaintiff appealed the dismissal of the suit as time-barred, arguing that RSA 556:11 provided a six-year statute of limitations. Id. The defendants, on the other hand, "read the 'subject to the provisions of RSA 508' language to mandate a three-year limit." Id. (quoting RSA 556:11). We construed the statute according to its plain language:

> The six-year period referenced in RSA 556:11 is, by the express terms of the statute, "subject to the provisions of RSA 508." . . . The plain meaning of the phrase "subject to" indicates that the six-year period set forth in the statute is subservient to or governed by the provisions of RSA chapter 508. Thus, because we construe statutes to effectuate their evident purpose, the applicable statute of limitations period in this instance must be three years.

Id. at 591 (quoting RSA 556:11) (citations omitted). We therefore affirmed the dismissal of the plaintiff's action. Id. at 592.

In light of Cheever, we cannot agree with the plaintiff's assertion that the applicable limitations period is six years: Cheever clearly holds that it is three years. Id. at 591. Neither party has asked us to overrule Cheever, and, in any event, the outcome in this case would be the same whether a six-year or three-year period applied. Accordingly, we follow Cheever's three-year holding. We disagree, however, with the defendant's assertion that Cheever compels the conclusion that the three-year period expired on April 5, 2016. In Cheever, it was not necessary to decide whether the limitations period started on the date of death or, as the defendant contends, on the date the cause of action accrued, because both dates were the same. See id. at 590. We now hold that the period starts on the date of death, as to hold otherwise would impermissibly write the phrase "after the death of the deceased party," RSA 556:11, out of the statute. See Hodges v. Johnson, 170 N.H. 470, 484 (2017) (noting that "when construing a statute, we must give effect to all words in the statute and presume that the legislature did not enact superfluous or redundant words" (quotation and brackets omitted)). Thus, a claim will be timed-barred by RSA 556:11 unless brought within three years after the

6

decedent's death.  We note that this construction alleviates the defendant's concern that "the plaintiff's construction of the applicable statutes relating to claims against estates would result in an unlimited horizon for a plaintiff to bring a claim in circumstances where an estate had not been established."

Because the plaintiff's claim was not time-barred by RSA 508:4 at the time of Wood's death and the instant suit was brought within three years of Wood's death, the action is timely.  Accordingly, we reverse the grant of the defendant's motion to dismiss and remand for further proceedings.  In light of our holding on this issue, we need not address the remaining issues on appeal.

<u>Reversed and remanded</u>.

LYNN, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.