Mildred **ASHLEY**, Administratrix of the Estate of Mary M. Virnig, deceased, Plaintiff,

v.

**READ CONSTRUCTION COMPANY**, a Wyoming corporation, and Robert E. Pyle, Defendants.

Civ. No. 4491.

United States District Court
D. Wyoming.
July 18, 1961.

Louis A. Mankus, Cheyenne, Wyo., and Sander Cotlow, Azusa, Cal., for plaintiff.

Bard Ferrall, of Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, Wyo., for defendants.

KERR, District Judge.

Mary M. Virnig, a resident of California, died on August 3, 1959, in Sweetwater County, Wyoming, as a result of a collision on the highway in Wyoming involving a truck owned by Read Construction Company, a Wyoming corporation. On October 27, 1959, the state Court of Sweetwater County, Wyoming, appointed a Wyoming resident, Raymond F. Venta, Administrator of decedent's estate. Subsequently, Mildred Ashley, a resident of California, was appointed by a California court as Administratrix of decedent's estate.

On March 21, 1961, and at a time when the Wyoming Administrator was still acting as the duly appointed and qualified Administrator of said estate in Wyoming, Mildred Ashley, as Administratrix of said estate in California, instituted this action under the Wyoming wrongful death statute for the recovery of damages for the death of Mrs. Virnig.

The defendants interpose this motion to dismiss, urging that the claim for wrongful death is vested in the Wyoming administrator, and that the California administratrix is not authorized to bring suit in the state of Wyoming under our wrongful death statute. In other words, defendants contend that the local Administrator is the real party in interest and the party in whose name the action should have been brought.

Section 1–1066, Wyoming Statutes 1957, provides: "Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. * * * The amount so recovered shall not be subject to any debts or liabilities of the deceased; * * *."

The pertinent statutes of Wyoming make it crystal clear that only the personal representative of the decedent may bring an action for her death caused by the wrongful act of another; that such action is brought, not to enhance the estate of the deceased, but to benefit those whom the state law ordains should share in the distribution of the deceased's estate as if she had died intestate; and that the amount recovered may not be tapped to pay the debts or liabilities of the deceased. See Tuttle v. Short et al., 42 Wyo. 1, 288 P. 524, 70 A.L.R. 106.

There is nothing whatever in this statute which indicates any intention on

the part of the Wyoming legislature to exclude a non-resident administrator from acting as personal representative. Certainly he or she can resort to the federal court under diversity provisions of the Code. Memphis Street Railway Company v. Moore, Administrator of Douglas, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733.

I think the statute upon which this action is brought was intended to provide a remedy not only for the citizens of this state but for the citizens of other states while passing through or residing within the state. The amount recovered under the statute is held by the personal representative for the persons entitled thereto. The whole import of the wrongful death act is to benefit those persons who have been injured because of the death of their relative. Stewart v. Baltimore & Ohio Railroad Company, 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537. It is not within the province of this court to qualify the statutory provision "personal representative" by interpolating the words "who is a resident of this state", or "who is appointed in this state", or "who is amenable to the jurisdiction of this state". See, Dennick v. Railroad Company, 103 U.S. 11, 26 L.Ed. 439. It would appear to make little difference what title the special representative might possess, whether it be administrator or executor, foreign or domestic, so long as the amount collected inures to the benefit of the persons designated by law.

We must not confuse an administrator acting as a personal representative with an administrator of an estate whose duties and powers are set out in Section 2–142, Wyoming Statutes 1957, et seq. The administrator of an estate is empowered to take into his possession all of the estate of the decedent, real or personal, to collect all debts due to the decedent or to the estate, and ultimately to probate, administer and distribute the estate for the benefit of the heirs. None of these duties evolves upon a personal representative who is required to collect the amount received as damages from the wrongful death and to distribute it in the manner provided by law.

In Stewart v. Baltimore & Ohio Railroad Company, supra, it was held the capacity to sue should not be governed merely by the name given to the party designated as the proper person to sue. This case involved the right of an administrator appointed in the District of Columbia to bring suit for a death occurring in Maryland. The Supreme Court noted that the statute in Maryland provided that the suit should be brought in the name of the state, but considered this factor unimportant.

Similarly, the reasoning in Dennick v. Railroad Company, supra, is applicable here. The Supreme Court held that an action for wrongful death in New Jersey could be brought in New York. The court noted the New Jersey statute, which says the personal representative shall recover, and the recovery shall be for the widow and the next of kin. The court held that it would be a reproach to the laws of New York to say that when the money recovered comes into the hands of the administrator, the courts could not compel distribution as the laws direct. The cases on this subject are many and no useful purpose can be accomplished by citing them.

True, as counsel for defendants argues, the administratrix in California was appointed subsequent to the appointment of the administrator in Wyoming and diversity existed only after the California administratrix was appointed. Even if the appointment of the California Administratrix was made for the sole purpose of creating diversity of citizenship in order to invoke the jurisdiction of this court, that fact, without more, would not establish collusion. No wrongful act was perpetrated in invoking the jurisdiction of this court and it is not for this court to inquire into the motive or purpose for the appointment of more than one administrator. In Mecom, Administrator v. Fitzsimmons Drilling Co., Inc. et al.,

284 U.S. 183, at page 189, 52 S.Ct. 84, at page 87, 76 L.Ed. 233, the court stated:

"But it is clear that the motive or purpose that actuated any or all of these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship. To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and motives of the parties before that court when, confessedly, they practiced no fraud upon it. The case falls clearly within the authorities announcing the principle that in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined."

From what I have said I hold that the motion to dismiss should be, and the same is hereby, overruled.