Jacqueline NEWCOM, Personal Representative of William D. Newcom, Deceased, and the Beneficiaries of William D. Newcom, Deceased, Appellant (Plaintiff below),

v.

Robert L. KEEVER and American Semi-Trailers, Inc., Appellees (Defendants below),

Rocky Mountain Livestock Trucking, Inc., et al., (Defendants below).

No. 4219.

Supreme Court of Wyoming.

Sept. 13, 1973.

William P. Rohrback, Fillerup & Rohrback, Cody, for appellant.

Thomas A. Fennell, Cheyenne, for appellee American Semi-Trailers, Inc.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the Court.

On October 20, 1972 plaintiff brought an action against defendants for the wrongful death of William D. Newcom, alleging decedent was killed in an accident November 17, 1969, which was more than two years before the action was initiated.

On behalf of defendant Robert L. Keever a motion for summary judgment was made based on the ground that the action was barred by limitations. That motion was granted and summary judgment was entered. Summary judgment based on the same ground was then granted to American Semi-Trailers, Inc. Notices of appeal were given indicating plaintiff was appealing from each of the two orders for summary judgment.

Although appellant has totally disregarded the piecemeal appeal provisions of Rule 54(b), W.R.C.P., her purported grounds for appeal are so groundless and void of merit that we should not allow further proceedings against the two parties who have been granted summary judgment.

The last sentence of § 1–1066, W.S.1957, as it existed when plaintiff's action was filed, reads:

"The amount so recovered shall not be subject to any debts or liabilities of the deceased; provided, that every such action shall be commenced within two (2) years after the death of such deceased person."

Counsel for appellant argues:

"It is our contention that if read correctly, employing the punctuation marks used by the legislature, the two year statute

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

of limitations clause can only be rightfully applied to the other clause of the same sentence, that being, the amount recovered by creditors of the decedent."

■ We agree the legislature could have used a period instead of a semicolon in the sentence appellant questions; and it is possible the punctuation would have been more correct. However, the intent of the legislature is not in doubt as witnessed by the fact that courts and litigants, since our original wrongful death act was passed, have interpreted the statute as providing a limitation of two years for bringing an action for wrongful death. This is a fact we can and do take judicial notice of.

■ When counsel argues that the two-year limitation clause can only be applied to the other clause of the same sentence, he overlooks two things: (1) there is no relationship between the subject matter of the first clause and the second clause, and therefore the second clause cannot be construed as modifying or applying to the first clause; and (2) the second clause has to do with "every such action" but no action is referred to in the first clause, which means the second clause cannot possibly modify or apply to the first clause.[1]

Counsel for appellant cites no precedent or authority for his interpretation and he advances no cogent argument; and he points to no legislative proceedings to support his contention as to what the legislature intended. We can say, as we have often done, we assume counsel found no authority or support for his arguments and we will not go searching for such.[2]

Plaintiff's action is clearly barred by the applicable statute of limitations and there is no merit in her appeal.

Affirmed.

Mr. Chief Justice PARKER (concurring in the result).

I concur in the affirmance of the summary judgments.

Review of the history and evolution of § 1–1066, W.S.1957, reveals that in the original act (1871) the final phrase now under consideration began with the word *"Provided"*—both capitalized and italicized—and was followed by "That," also capitalized. This format of expression would indicate the proviso to have been a restraint upon the permissive legislation allowing recovery not permitted at common law.

In the 1909 amendment of the statute, when the limitation of the amount which could be recovered was removed, the word "Provided" was no longer emphasized. In 1939 when the legislature added as a recoverable element of damage "a reasonable sum for the loss of the comfort, care, advice and society of the decedent" the capitalization of the word "provided" and of the succeeding word "that" was dropped. Undoubtedly these various changes in the proviso were legislative stenographers' ideas of correct usage, which cannot be allowed to detract from the restraint originally placed upon the permissive nature of the entire statute.

---

1. Section 1–1066, prior to amendment in 1973, started out with a reference to "every such action." This could only refer to such an action as the one authorized in § 1–1065, W.S. 1957. When § 1–1066 provided that every such action shall be commenced within two years after the death of the deceased person, it also referred to any action authorized by § 1–1065.

2. See Drummer v. State, Wyo., 366 P.2d 20, 26; Joly v. Safeway Stores, Inc., Wyo., 502 P.2d 362, 365, and Wyoming Timber Products Co. v. Crow, Wyo., 500 P.2d 683, 688.