Karen STILLING, Plaintiff,

v.

Richard L. SKANKEY, dba Olympus
Hills Mall, Defendant,
Cross–Claimant, and Appellant,

v.

Timothy F. THOMAS; William F. Thomas, Stephen G. Petersen, and John M. Hammond dba Thomas, Petersen, Hammond & Associates, Cross-claim Defendants and Appellees.

No. 880197.

Supreme Court of Utah.

Nov. 27, 1989.

John D. Parken and Marcella L. Keck, Salt Lake City, for defendant, cross-claimant, and appellant.

Fred R. Silvester, Charles P. Sampson, Salt Lake City, for plaintiff.

Mark S. Gustavson and Charles A. Schultz, Salt Lake City, for cross-claim defendants and appellees.

PER CURIAM:

Appellant appeals from an order of the trial court, dismissing with prejudice his cross-claim for indemnity against appellees on the ground that the seven-year statute of repose, Utah Code Ann. § 78–12–25.5 (1987), (amended 1988), cut off appellant's right of action against the architects and engineers from whom appellant sought indemnification in a tort claim.

In Horton v. Goldminer's Daughter, 785 P.2d 1087 (Utah 1989) and Sun Valley Water Beds of Utah v. Herm Hughes & Son, Inc., 782 P.2d 188 (Utah 1989), this Court held that the Utah architects and builders statute of repose is unconstitutional under the open courts provision of article I, section 11 of the Utah Constitution.

Those two cases are dispositive here, and the case is remanded to the trial court for a trial on the merits of appellant's cross-claim.