**Mark SHUBERT, Appellant (Plaintiff),**

v.

**Bruce DEXTER; Dean Butterfield; Board of County Commissioners of the County of Laramie, State of Wyoming; and Rudy Restivo, as Sheriff, Appellees (Defendants).**

No. 94–114.

Supreme Court of Wyoming.

Feb. 28, 1995.

Daniel G. Blythe of Rogers, Blythe & Lewis, Cheyenne, for appellant.

Franklin J. Smith, County Atty., Wallace L. Stock, Cheyenne, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

We consider Mark Shubert's contention that the district court erred in denying his motion to enforce a settlement agreement.

We affirm.

Shubert states this issue:

Does the offer tendered by the appellee to the appellant which was unconditionally accepted by the appellant establish a contract which should be enforced?

In response, appellees, who are employees of Laramie County and Laramie County itself, posit this query:

Is the filing of a complaint, in state district court, a rejection of an unconditional offer to buy the peace?

These facts control our disposition of the appeal and are gleaned from Shubert's pleadings. On April 5, 1991, Shubert was injured in an accident which he alleged to be the fault of appellees. On April 2, 1993, Shubert presented his claim to Laramie County.[1] As damages, Shubert listed: $2,153 in medical expenses; $35,000 for future medical expenses; $100,000 for past pain and suffering; and, $500,000 for future pain and suffering. By letter dated April 5, 1993, an assistant county attorney informed Shubert that the claim was denied "in its entirety." On July 21, 1993, an adjuster employed by the Wyoming Association of Risk Management (WARM) contacted both Shubert and his counsel expressing concern as to whether Shubert was represented by counsel, or whether he wished to pursue the claim on his own, and indicating forthrightly that Shubert (or his counsel [2]) had the responsibility to

---

1. Wyo.Stat. § 1–39–113 (Supp.1994) provides:
  (a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission * * *.

2. The attorney who represented Shubert throughout these "negotiations" with WARM is not the same attorney who represents Shubert in this appeal.

provide WARM with more detailed information about the claim. In addition, the adjuster made clear that if Shubert wished to settle the matter "short of lawsuit" he would have to flesh out the demand for payment of his claim. In September 1993, the adjuster was contacted by counsel for Shubert and a conference was arranged at which it was agreed that additional documentation would be made available to the adjuster and that an independent medical examination would be necessary. By letter dated February 14, 1994, the adjuster iterated to Shubert's attorney the need for additional information, but offered to settle the claim for $6,500. Counsel for Shubert replied, asking for a "monetary breakdown of each element of the damage you have assigned to [the] claim." On March 14, 1994, the adjuster replied to Shubert's attorney, stating once again that additional information was required to further assess the claim and repeating the offer to settle the matter for $6,500.

On Tuesday, April 5, 1994, a complaint was filed in the district court seeking damages for the injuries which Shubert suffered in the 1991 accident. The Governmental Claims Act provides that claims subject to the act "shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113." WYO.STAT. § 1–39–114 (1988). The limitations period for filing suit on Shubert's claim expired on Monday, April 4, 1994.

On April 8, 1994, appellees filed a motion to dismiss Shubert's complaint premised on the bar of the limitations period. On April 13, 1994, Shubert informed WARM that he would accept the offer to settle for $6,500. WARM then informed Shubert that it believed the filing of the suit represented a rejection of the offer to settle and noted that the statute of limitations had expired before the suit was filed. On April 21, 1994, Shubert filed a motion to enforce the settlement.

On May 4, 1994, the district court dismissed Shubert's suit with prejudice, based upon expiration of the statute of limitations. On May 6, 1994, the district court issued an order denying Shubert's motion to enforce the settlement.

The complaint was filed after the statute of limitations had expired and it was, therefore, barred. *Taylor v. Estate of Taylor,* 719 P.2d 234 (Wyo.1986); *Davis v. City of Casper,* 710 P.2d 827, 830 (Wyo.1985); *Duke v. Housen,* 589 P.2d 334, 340 (Wyo.1979), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979); *Turner v. Turner,* 582 P.2d 600 (Wyo.1978); *and see Aimonetto v. Nat'l Union Fire Ins. Co.,* 365 F.2d 599 (10th Cir. 1966). We emphasize that the only issue raised by Shubert is whether the settlement agreement was enforceable under the circumstances of the case. Appellees only contend that the filing of suit operated as a rejection of the settlement offer. We hold that the only action which the district court could have taken under these circumstances was to dismiss the action as barred by the statute of limitations and that the district court, thereafter, could not enter additional orders relating to other issues in the case.

The order of the district court dismissing the complaint for the reason that it was barred by the statute of limitations is affirmed.