**Debora Eileen CORKILL, Petitioner,**

v.

**Clark Tyler KNOWLES, as Personal Representative for the Estate of Lynn Rae Knowles, Deceased, Respondent.**

**No. 96–281.**

Supreme Court of Wyoming.

March 23, 1998

John C. Brooks of Brooks, Henley & Drell, P.C., Casper, for Petitioner.

Kathleen J. Doyle, Judith Studer and Cameron S. Walker of Schwartz, Bon, Walker & Studer, LLC, Casper, for Respondent.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Debora Eileen Corkill (Corkill) petitions for interlocutory review of an order denying her motion to dismiss the wrongful death action brought against her by the personal representative for the estate of Lynn Rae Knowles. Corkill's motion to dismiss asserted that the action was time-barred pursuant to the applicable statute of limitations. The district court held that the "discovery rule" applies to Wyoming's Wrongful Death Act and the action was filed within the statutory time frame.

Determining that the Wrongful Death Act, when read as a whole, is ambiguous and could lead to an absurd result when applied to the unusual facts of this case, we hold that a personal representative may bring a wrongful death action within two years of the date on which the decedent is identified so the court may appoint a personal representative. Therefore, although we do not agree that the discovery rule applies to the limitation period found in the Wrongful Death Act, we affirm the district court's denial of the motion to dismiss on other grounds.

## ISSUE

▪ Petitioner Corkill presents the following issue in her brief:

Whether the "discovery rule"[1] may toll the running of Wyoming's Wrongful Death

---

1. Wyoming applies the discovery rule to tort claims. *Duke v. Housen,* 589 P.2d 334, 346 (Wyo.1979). The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of that cause of action, that is when the injury or its cause becomes apparent. *Id.* n. 8 (citing *Banner v. Town of Dayton,* 474 P.2d 300, 304–05 (Wyo.1970); *Town Council of*

Statute of Limitations for nearly sixteen years?

Clark Tyler Knowles (Knowles), the personal representative for the estate of Lynn Rae Knowles (the decedent), presents the issue for our review as:

Whether the statute of limitations under Wyoming's Wrongful Death Act is tolled until a family member receives notice of the death, when the fact of death was not reasonably discoverable within a two-year period despite the exercise of due diligence?

## FACTS

In the early morning hours of November 2, 1980, Corkill struck and killed Lynn Rae Knowles (the decedent) with her vehicle. Corkill fled the scene of the accident without rendering aid or reporting the incident to authorities. Investigators and police officers were able to locate Corkill because pieces of her vehicle's grill were left on the highway when she struck the decedent. Corkill was convicted of leaving the scene of an accident involving injury or death. At the time of the accident, Corkill was intoxicated and unable to safely operate a motor vehicle.

Authorities were unable to identify the decedent after the accident. Her purse and wallet were missing, and she carried no identification. For the next fourteen years the decedent's family did not know what had happened to her. Her two children thought she had abandoned them. Knowles hired a private investigator to find his daughter, but to no avail. Fourteen years later, after making further inquiries, investigating dental records, and exhuming the body, authorities were finally able to identify the decedent and contact her family. On March 6, 1995, Knowles reviewed police photographs of the decedent's body, read a note found on her body, and identified the body as that of his daughter.

The decedent was a resident of Iowa City, Iowa, at the time she was killed in Wyoming. Knowles is the decedent's father and the qualified personal representative of the decedent's estate. Knowles, as the personal rep-

resentative for the decedent, filed this wrongful death action on July 3, 1996, more than fifteen years after the decedent's death, but less than two years after her body was identified. In her answer and motion to dismiss, Corkill sought dismissal of the complaint, claiming the wrongful death action is barred by the applicable statute of limitation found in Wyo. Stat. § 1–38–102(d).

Holding that the discovery rule applies to Wyoming's wrongful death statute, the district court denied Corkill's motion to dismiss because Knowles did not know or have reason to know he had a claim until less than two years before the case was filed. Corkill petitioned this Court for a writ of review, which we granted.

## STANDARD OF REVIEW

Corkill has petitioned this Court for a writ of review pursuant to Wyo. R.App. P. 13. Rule 13 permits appellate review of interlocutory orders involving a controlling question of law, the resolution of which may materially advance resolution of the litigation. Wyo. R.App. P. 13.02. The interlocutory order in the case at bar denied a motion to dismiss based on the district court's interpretation of Wyoming's Wrongful Death Act. Statutory interpretation is a question of law and is reviewed de novo. Chevron U.S.A., Inc. v. State Bd. of Equalization, 918 P.2d 980, 983 (Wyo.1996). We review an order pertaining to a motion to dismiss accepting the facts alleged in the plaintiff's complaint as true. See Stalkup v. State Dept. of Environmental Quality, 838 P.2d 705, 709 n. 3 (Wyo.1992).

## DISCUSSION

*The Arguments*

In her motion to dismiss, Corkill asserted that the statute of limitation expired two years after the death of the decedent. A complaint filed after expiration of the statute of limitation is barred. Shubert v. Dexter, 891 P.2d 55, 56 (Wyo.1995). The running of the statute of limitation is an affirmative defense which can be pled in a motion to

*Town of Hudson v. Ladd,* 37 Wyo. 419, 424, 263 P. 703, 705 (1928)).

dismiss under WYO. R. CIV. P. 12(b)(6). *See* WYO. R. CIV. P. 8(c) and 12(b)(6); and *In re Estate of Sullivan*, 506 P.2d 813, 817 (Wyo. 1973). Corkill's memorandum of law supporting her motion to dismiss asserted that the discovery rule is not applied to wrongful death claims in the majority of jurisdictions where the language of the statute requires bringing of the action within a specified period of time after the decedent's death.

Knowles asks this Court to affirm the district court's determination that the discovery rule applies to Wyoming's wrongful death statute. Since Knowles did not discover the decedent's death until March 6, 1995, application of the discovery rule would toll the limitation period found in the Wrongful Death Act until that date. In support of his position, Knowles argues for liberal construction of the statute in support of its remedial purpose. He then directs us to discovery rule jurisprudence in Wyoming and to other jurisdictions' application of the discovery rule to wrongful death cases.

*The Wrongful Death Act*

Wyoming's Wrongful Death Act, found in WYO. STAT. §§ 1–38–101 and –102 (1997), provides:

§ 1–38–101. Actions for wrongful death which survive; proceedings against executor or administrator of person liable.

Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder of the first or second degree or manslaughter. If the person liable dies, the action may be brought against the executor or administrator of his estate. If he left no estate within the state of Wyoming, the Court may appoint an administrator upon application.

§ 1–38–102. Action to be brought by personal representative; recovery exempt from debts; measure and element of damages; limitation of action.

(a) Every such action shall be brought by and in the name of the personal representative of the deceased person.

(b) If the deceased left a husband, wife, child, father or mother, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section.

(c) The court or jury, as the case may be, in every such action may award such damages, pecuniary and exemplary, as shall be deemed fair and just. Every person for whose benefit such action is brought may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled, including damages for loss of probable future companionship, society and comfort.

(d) Every such action shall be commenced within two (2) years after the death of the deceased person.

■ The purpose of the Wrongful Death Act, "commonly known as Lord Campbell's Act, was to prescribe limitations and a remedy for a cause of action which did not exist at common law, for at common law the cause of action died with the death of the claimant." *Gengo v. Mardis*, 103 Neb. 164, 170 N.W. 841 (1919). Wyoming adopted the wrongful death act in 1871. *Coliseum Motor Co. v. Hester*, 43 Wyo. 298, 305, 3 P.2d 105, 106 (1931). The act was similar to Lord Campbell's Act and was almost an exact copy of West Virginia's wrongful death law. *Id.* "In the wrongful death statute, the Wyoming legislature has expressed a social policy that favors compensation to ameliorate the certain damage to relational interests resulting from the death of a family member." *Nulle v. Gillette–Campbell County Joint Powers Fire Bd.*, 797 P.2d 1171, 1175 (Wyo.1990).

"The foundation of the action is the wrongful act of the defendant which resulted in death. No remedy existed at common law. The statute was intended to make a change." *Coliseum Motor*, 43 Wyo. at 307, 3 P.2d at 107. Corkill asserts that the statute must be strictly construed because it is in derogation of the common law. However, "derogation"

is defined as "[t]he partial repeal or abolishing of a law, as by a subsequent act which limits its scope or impairs its utility and force." BLACK'S LAW DICTIONARY 399 (5th ed.1979).

> Wrongful death acts do not take away any common law right; they were designed to mend the fabric of the common law, not to weaken it. Remedial acts are not strictly construed although they do change a rule of the common law. *Steggall v. Morris,* 363 Mo. 1224, 258 S.W.2d 577, 582 (1953). We must therefore apply the statutory language "with a view to promoting the apparent object of the legislative enactment." *United Air Lines v. State Tax Commission of Missouri,* 377 S.W.2d 444, 451 (Mo. banc 1964).

*Howell v. Murphy,* 844 S.W.2d 42, 46 (Mo.Ct. App.1992).

■ The wrongful death act is remedial, in that it was intended to make a change, not to repeal or abolish a law or to limit its scope. Therefore, we will apply the statutory language with a view to promoting the remedial intent of the legislature when it enacted the law. *See, e.g., Nulle,* 797 P.2d at 1175 (Wyoming legislature has expressed social policy favoring compensation to family members of decedent in wrongful death action); *DeHerrera v. Herrera,* 565 P.2d 479, 482 (Wyo.1977) (wrongful death statute creates new cause of action for benefit of designated persons who have suffered the loss of a loved one); *Coliseum Motor,* 43 Wyo. at 307, 3 P.2d at 107 (act was intended to give cause of action for benefit of relatives); *Ashley v. Read Constr. Co.,* 195 F.Supp. 727, 728 (D.Wyo.1961) (action is brought to benefit those whom the state law ordains should share in the distribution of the decedent's estate); *Miller v. Romero,* 186 W.Va. 523, 413 S.E.2d 178, 181 (1991) (statute has a remedial, but not punitive, purpose).

*The Limitation Period*

■ Knowles argued, and the district court ruled, that the discovery rule applies to the limitation period found in WYO. STAT. § 1–38–102(d) (1997). We do not agree for two distinct reasons. First, the limitation period found in the wrongful death statute is a condition precedent, not a statute of limitation, and the discovery rule does not apply to conditions precedent. Second, the plain language of the statute does not lend itself to application of the discovery rule.

■ The right to sue for wrongful death is created purely by statute. The two year limitation upon the bringing of an action for wrongful death is an integral part of the statute itself, creating a condition precedent to the bringing of the action. *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50, 53–54 (1973) (citing *Smith v. Eureka Pipe Line Co.,* 122 W.Va. 277, 8 S.E.2d 890 (1940)). Recognizing that we have referred to the time limitation in WYO. STAT. § 1–38–102(d) as a statute of limitation in previous cases, upon closer analysis we determine that those cases did not involve the issues before us in the case at bar, and therefore, in those cases this Court failed to analyze the terminology used to describe the limitation period. *See, e.g. Tarter v. Insco,* 550 P.2d 905, 910 (Wyo.1976) (time not tolled while defendant was out of state because service was possible through the secretary of state); *Newcom v. Keever,* 513 P.2d 1021, 1022 (Wyo.1973) (interpretation advanced by appellant not supported by any cogent argument); *Bircher v. Foster,* 378 P.2d 901 (Wyo.1963) (personal representative was not appointed within two year period of limitation and father was not the proper person to bring action unless he was appointed as personal representative).

Although we used the term "statute of limitation" in our previous cases when referring to the limitation period found in the wrongful death statute, it was used merely as a term of convenience, rather than in its conventional legal sense. The use of the term "statute of limitation" in our previous cases, without analysis, is not binding on our analysis here. Therefore, because the two-year limitation period found in the wrongful death statute is an integral part of the right created by the statute and does not contain a savings clause, we hold the limitation period found in the wrongful death statute, at WYO. STAT. § 1–38–102(d), is a condition precedent, rather than a statute of limitation.

■ The time period authorized by a condition precedent, absent a savings clause, cannot be extended by the exceptions usually allowed for general statutes of limitation (*e.g.,* extending the time for appointment of an administrator or minority tolling periods or the discovery rule). *See Miller,* 413 S.E.2d at 182 (discovery rule does not apply; however public policy requires extension of time limitation if defendant committed fraud or concealment of material facts surrounding the death); Annotation, *Applicability to limitation prescribed by statute which creates cause of action for death of exceptions, express or implied, which attach to general statute of limitations,* 8 A.L.R. 145, 151–54 (1920), and cases cited therein; 2 STUART M. SPEISER, ET AL., RECOVERY FOR WRONGFUL DEATH AND INJURY § 11:18 (3rd ed.1992). Therefore, contrary to the district court's ruling, we hold that the discovery rule does not apply to Wyoming's Wrongful Death Act. Further, Knowles argues that other statutory tolling provisions, *i.e.,* the minor tolling provision found at WYO. STAT. § 1–3–114, should be applied to the wrongful death statute. Again, because we hold the limitation period is a condition precedent, and not a statute of limitation, we hold the minor tolling provision is not applicable to the wrongful death statute.

Finally, unlike other Wyoming statutes to which we have applied the discovery rule, this statute does not contain language which permits tolling of the statutory time limit until the elements of the cause of action are discovered. Those statutes of limitation to which the discovery rule applies either expressly adopt the application of the rule [2] or

state that the limitation period runs only after the cause of action accrues.[3]

In contrast, the language contained in WYO. STAT. § 1–3–111 (1997) is similar to that of the Wyoming Wrongful Death Statute. Wyoming Statute § 1–3–111 requires a claim for injury caused by deficient improvements to real property to be brought within ten years of the substantial completion of the improvement. "Substantial completion" is defined in WYO. STAT. § 1–3–110, and, like death in the wrongful death statute, is a time certain. The discovery rule does not apply to WYO. STAT. § 1–3–111. *See, e.g., Richardson Assocs. v. Lincoln–Devore, Inc.,* 806 P.2d 790, 802 (Wyo.1991). "Under statutes which specify that the action must be brought within a period after the time of death, the courts have repeatedly stated, implemented, and given effect to such statutory provisions." 2 SPEISER, *supra* § 11:12. Subsection (d) of WYO. STAT. § 1–38–102 clearly and unambiguously requires the wrongful death action to be commenced within two years from the death of the deceased person. It does not leave room for application of a discovery rule.

*The Personal Representative Requirement*

■ The unusual facts of this case prevent us from concluding our analysis at this point, however, because the wrongful death act contains a second condition precedent in subsection (a) of WYO. STAT. § 1–38–102. The statute requires every wrongful death action to be brought by and in the name of the decedent's personal representative, *i.e.,* the executor or administrator of the decedent's estate.[4] WYO. STAT. § 1–38–102(a)

2. The Wyoming Governmental Claims Act provides its own limitation period, which expressly applies the "discovery rule" in WYO STAT. § 1–39–113. Wyoming Statute § 1–3–106 expressly provides that the cause of action for the taking of personal property accrues when the wrongdoer is discovered and the cause of action for fraud accrues when the fraud is discovered. A claim against a professional must be brought after the discovery of the alleged act, error or omission. WYO. STAT. § 1–3–107 (1997).

3. Wyoming Statute § 1–3–102 provides that civil actions must be commenced within the periods described in Chapter 3 of the first title of our statutes (where our general statute of limitations is found) after the cause of action accrues, unless

a different limitation period is prescribed by statute. WYO. STAT. § 1–3–102 (1997). In *Duke v. Housen,* 589 P.2d 334 (Wyo.1979), we applied the "discovery rule" to determine when a cause of action accrues under our limitation statutes. Wyoming Statutes § 1–3–103 (an action for loss of real property) and § 1–3–105 (all civil actions other than for recovery of real property) also provide that their limitation period starts after the cause of action accrues.

4. The pertinent definitions, found in Wyoming's Probate Code, provide that a personal representative includes an executor and administrator. WYO. STAT. § 2–1–301(a)(xxviii) (1997). An executor is appointed by the court to administer the

(1997). Only a personal representative, appointed by the court, may bring an action for wrongful death. *See Bircher*, 378 P.2d at 902; *Ashley*, 195 F.Supp. at 728 ("The pertinent statutes of Wyoming make it crystal clear that only the personal representative of the decedent may bring an action for" a death caused by the wrongful action of another and that such action is brought to benefit those whom the state ordains should share in the distribution of the estate.). However, the court cannot appoint a personal representative until the identity of the decedent is known. Where the identity of the decedent is not known until after the two-year limitation period expires, as in the case at bar, it is not possible for a personal representative to bring an action before expiration of the limitation period. Unless the statute does not run until the decedent is identified, this is an absurd result.

Corkill directs our attention to *Leo v. Hillman*, 164 Vt. 94, 665 A.2d 572 (1995), the only case cited in the briefs which is factually similar to the case at hand in that it deals with similar statutory language and belated discovery of the decedent's death. In *Leo* the Vermont Supreme Court held that the wrongful death action was barred by the two-year limitation period (referred to in the case as a "statute of limitation") because the claim accrued from the date of death, not the discovery of the date of death. *Id.*, 665 A.2d at 575–76. While we agree with *Leo's* determination that death is a determinable fact, not subject to accrual and therefore not subject to the discovery rule, *Leo* did not address the inability to appoint a personal representative until the identity of the decedent is known.

The reason the Vermont court failed to address that issue becomes apparent upon a closer analysis of the facts in that case, which also distinguish it from the case at bar. In 1979, Leo–Coneys disappeared and was never seen alive again. *Leo*, 665 A.2d at 574. Her former boyfriend, Malinosky, disappeared about three weeks later and was considered a principal suspect in her disappearance because he had threatened her with a gun just weeks earlier. *Id.* In 1980, the trustee for Leo–Coneys filed suit against Malinosky for, among other things, the "possible death of Judith Leo–Coneys." *Id.* The trustee entered into a release agreement with Malinosky's legal representative in 1981, discharging Malinosky from all future claims. *Id.* In 1990, Malinosky was apprehended and led authorities to Leo–Coneys' body. In 1992, the family members of Judith Leo–Coneys brought a wrongful death action against Hillman, who was Malinosky's psychologist, asserting Hillman knew Malinosky posed a serious threat to Leo–Coneys, but did nothing to protect her. *Id.*

Unlike Leo–Coneys' family, the Knowles' family did not know where she was or why she disappeared. They did not and could not reasonably assume that someone killed her. The court was able to appoint a personal representative for Leo–Coneys because her identity, as well as the circumstances surrounding her disappearance, were known. The *Leo* court simply did not need to address the inability to appoint a personal representative for an unknown decedent. Corkill's suggested interpretation of the statute when presented with the unusual facts of this case would lead to an absurd result. No personal representative could be appointed for Lynn Rae Knowles in Wyoming until she was identified. It would be absurd to require a personal representative to bring a wrongful death action within two years of the death of the decedent when the personal representative cannot be appointed until the decedent is identified.

"It is contrary to reason to ascribe to a statute a meaning that will nullify its operation, if capable of any other interpretation." *DeHerrera*, 565 P.2d at 481. "A statute should be construed in such a fashion that one provision will not destroy another." *Id.* It is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia, and every word, clause, and sentence must be construed so that no part is inoperative or superfluous. *State of Wyoming, Dept. of Family Services v. PAJ*, 934 P.2d 1257, 1262 (Wyo.1997). This Court must assume that the legislature

---

estate of a testate decedent, while an administrator is appointed by the court to administer the

estate of an intestate decedent. WYO. STAT. § 2–1–301(a)(i), (xv) (1997).

did not intend futile things and that statutes should not be interpreted in a manner producing absurd results. *Id.*

Statutes should be construed in pari materia with other statutes to which they relate and courts should strive to give meaningful effect to the purpose of these statutes. It would thwart the legislative purpose of the wrongful death statute to construe it in such a manner as to allow a tortfeasor to reap the benefits of her destructive act while penalizing the relatives of the victim who had the misfortune of being left to die by her killer without any identification on her person.

For the foregoing reasons, we hold that the two-year limitation period found in Wyoming's wrongful death statute cannot commence to run until the identity of the deceased person is known, thereby permitting the appointment of a personal representative to bring the action. This is not to mean a party may delay appointment of a personal representative and thereby toll the limitation period. *See Bircher v. Foster,* 378 P.2d 901 (Wyo.1963). It means simply that, under the unusual facts of this case, where the identity of the decedent is not known and a personal representative cannot be appointed, the limitation period does not run until the decedent is identified.

## CONCLUSION

The discovery rule does not apply to the wrongful death statute's limitation period. However, we uphold the district court's denial of Corkill's motion to dismiss because the statute also requires a personal representative to bring a wrongful death action, and the court cannot appoint a personal representative until the decedent's identity is known. Since the action was filed within two years after the decedent was identified, that action was not time barred.

THOMAS, Justice, concurring specially.

I am contented with the result in this case as reached by the majority opinion. It indeed would be an anomaly for this Court to conclude that an action for wrongful death could be barred prior to the time that facts were available to secure the appointment in Wyoming of the personal representative, who must bring the action under the statute. In effect, the Court, while not articulating the proposition, has attached a condition to the two year period, which is that facts necessary to secure the appointment of the personal representative must be known before the two year statute begins to run.

I cannot agree with the rejection by the majority of the discovery rule as it applies to the two year period in the wrongful death statute. I do not agree that the limitation period found in the wrongful death statute is a condition precedent, and would not follow West Virginia law on that proposition. Instead, I believe that the limitation period in this statute correctly is identified as a statute of repose like WYO. STAT. § 1–3–111, as the majority opinion at page 442. While we have rejected the application of the discovery rule with respect to WYO. STAT. § 1–3–111, we may be confronted with different policy considerations with respect to wrongful death than we were in connection with damages to property.

I am convinced that, unless some exception, like that found in this case, other than the discovery rule is adopted in future cases, we may be confronted with a constitutional dilemma. The Constitution of the State of Wyoming precisely and succinctly provides in Art. 1, Section 8:

> All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay.

We previously have spoken in a prophetic tone with respect to the constitutional struggles of other courts when confronted with a situation in which a remedy, which could be foreclosed by a statute of repose, is lost before the facts that support the remedy are known.

There is a second cluster of constitutionally disposed cases addressing statute of repose where there is the potential for the period for filing a claim to terminate before the incident of damage or loss has actually occurred. See, for example, *Phillips v. ABC Builders, Inc.,* 611 P.2d 821 (Wyo.1980); *Carr v. Broward County,* 541 So.2d 92 (Fla.1989); *Shessel v. Stroup,* 253

Ga. 56, 316 S.E.2d 155 (1984); *Klein v. Catalano*, 386 Mass. 701, 437 N.E.2d 514 (1982); *Daugaard v. Baltic Co-op. Bldg. Supply Ass'n*, 349 N.W.2d 419 (S.D.1984); *Neagle v. Nelson*, 685 S.W.2d 11 (Tex. 1985); *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984); and *Funk v. Wollin Silo & Equipment, Inc.*, 148 Wis.2d 59, 435 N.W.2d 244 (1989). Those cases have a logical relevance to this case, where premised on a constitutional right, to be able to assert a remedy before a statutory abnegation of the right occurs. *Shessel*, 316 S.E.2d 155; *Neagle*, 685 S.W.2d 11. Although we have no equivalent worker's compensation precedent which has been presented or found in our research, these cases appropriately direct attention to the same problem of exhaustion of the right to a remedy before the opportunity for its utilization may have occurred, *Hardy v. VerMeulen*, 32 Ohio St.3d 45, 512 N.E.2d 626 (1987), *cert. denied* 484 U.S. 1066, 108 S.Ct. 1029, 98 L.Ed.2d 993 (1988), and sometimes before the incident of damage or loss has occurred, *Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984). Although currently centered in the field of medical malpractice,[1] *Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709 (1987), the cases involve a broad array of statutes where a repose and not a limitation function is introduced as the boundary of time for action by the injured party.[2] *Jackson v. Mannesmann Demag Corp.*, 435 So.2d 725 (Ala.1983); *Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 464 A.2d 288 (1983); *Hanson v.Williams County*, 389 N.W.2d 319 (N.D. 1986); *Kennedy v. Cumberland Engineering Co., Inc.*, 471 A.2d 195 (R.I.1984); *Daugaard*, 349 N.W.2d 419. Within this class of cases, there is the injured child segment. *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7 (Mo.1986); *Coffey v. Bresnahan*, 127 N.H. 687, 506 A.2d 310 (1986); *Mominee*, 503 N.E.2d 717; *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983). There is also within some of the cases an analytical trend that has developed which avoids the determination of textural [sic] unconstitutionality in the statute of repose situation by denying application of the limitation until a reasonable time after the right might have been pursued following damage and known knowledge of injury. *Kohnke v. St. Paul*

1. See Note, *The Unconstitutionality of Medical Malpractice Statutes of Repose. Judicial Conscience Versus Legislative Will*, 34 Vill.L.Rev. 397 (1989).

2. Statutes of repose and statutes of limitations are often confused. They are similar in that both prescribe the time period within which a plaintiff may commence his suit. The distinguishing feature between the two is the time at which the respective periods commence. Generally, in medical malpractice actions, if the plaintiff's cause of action accrues and the statutory period commences when the injury occurs or, as is most often the case, when the plaintiff is or should be aware that he has been injured, the statute is properly termed a statute of limitations. If the statutory period commences upon the occurrence of an event, regardless of when the injury occurs, at a time when the plaintiff may or may not be aware of any injury, the statute is properly termed a statute of repose. In the latter case the repose period commences upon the occurrence of an event, such as the negligent act or omission of the health care practitioner, but the injury caused by this act or omission may be latent and therefore not manifest itself until after the statutory period has elapsed. Consequently, the plaintiff's claim may be barred before he is or should be aware that he has been injured or has a claim. Note, *supra* n. 8, 34 Vill.L.Rev. at 400–01 (footnotes omitted). *See Com. v. Owens–Corn-*

*ing Fiberglas Corp.*, 238 Va. 595, 385 S.E.2d 865 (1989) (differentiation noted when effecting governmental entities). *See also* McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579 (1981). *Phillips*, 611 P.2d 821 is not directly defined in designation to be a statute of repose case, although in terminology, the differentiation is recognized. "[T]he statute in question, * * *, is not a statute of limitations but is a grant of immunity from suit." *Id.* at 831. Cases this court cited generally for precedential support include some of the more influential statute of repose decisions, including *Overland Const. Co., Inc. v. Sirmons*, 369 So.2d 572 (Fla.1979); *Fujioka v. Kam*, 55 Haw. 7, 514 P.2d 568 (1973); *Skinner v. Anderson*, 38 Ill.2d 455, 231 N.E.2d 588 (1967); *Saylor v. Hall*, 497 S.W.2d 218 (Ky. 1973); *Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977); *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P.2d 143 (Okl.1977); *Broome v. Truluck*, 270 S.C. 227, 241 S.E.2d 739 (1978); and *Kallas Millwork Corp. v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1975). Compare *Reynolds v. Porter*, 760 P.2d 816 (Okl.1988), where that court determined the statute was a statute of limitation without the benefit of the discovery rule and was also unconstitutional under the Oklahoma Constitution.

*Fire and Marine Ins. Co.,* 144 Wis.2d 352, 424 N.W.2d 191 (1988). This adaptation applies a condition to the statutory language that, despite its terms, if the incident of damage or discovery occurs after the expiration of the period provided, a reasonable time continues to exist for the claim to be made. *Tucker v. Nichols,* 431 So.2d 1263 (Ala.1983); *Kenyon,* 688 P.2d at 979, Cameron, J., concurring; *Austin v. Litvak,* 682 P.2d 41 (Colo.1984). *See also Coffey,* 506 A.2d 310.

The obvious philosophical and sociological concern that a right which actually exists as the result of the misconduct of a person may be lost before anything can be done to pursue attainment of a remedy has authored an obvious trend either in construction to achieve constitutionality or a determination of unconstitutionality in these statute of repose cases. *Phillips,* 611 P.2d 821; *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980); Note, *The Constitutionality of Statutes of Repose: Federalism Reigns,* 38 Vand.L.Rev. 627, 644 (1985). A perspective of constitutionality which initially developed a number of years ago when statutes of repose first appeared in the construction and later products liability segments of the law has now developed a clear converse trend in recent result. *See* Note, *The Unconstitutionality of Medical Malpractice Statutes of Repose. Judicial Conscience Versus Legislative Will,* 34 Vill.L.Rev. 397 ·(1989) and most recent examples found in the Utah cases, *Horton v. Goldminer's Daughter,* 785 P.2d 1087 (Utah 1989); *Stilling v. Skankey,* 784 P.2d 144 (Utah 1989); and *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.,* 782 P.2d 188 (Utah 1989). In the Utah cases, the court held that the Utah architect's and builder's statute of repose establishing a seven year limitation was unconstitutional under the open court provision of the Utah Constitution. In analysis of the difference between a statute of limitation which provides a period of time after a right accrues to pursue action and a statute of repose which limits the time for a right of action even though the event may not have yet occurred from which the damage accrues,

the Utah court in *Horton* and *Sun Valley Water Beds of Utah, Inc.* pursues the national precedent. The critical concern manifested in the whole periphery of statute of repose cases are those circumstances where the time runs out before the opportunity to pursue relief occurs, *Funk,* 435 N.W.2d 244, either because the event of damage has not yet developed, Note, *Oklahoma's Statute of Repose Limiting the Liability of Architects and Engineers for Negligence: A Potential Nightmare,* 22 Tulsa L.J. 85, 105 (1986), or discovery of the injury may not have occurred, *Clark v. Singer,* 250 Ga. 470, 298 S.E.2d 484 (1983); *Carson,* 424 A.2d 825; *Berry By and Through Berry v. Beech Aircraft, Corp.,* 717 P.2d 670 (Utah 1985). This problem is magnified in those cases where medical malpractice injuries to minor children are the subject matter of the litigation. *Schwan v. Riverside Methodist Hosp.,* 6 Ohio St.3d 300, 452 N.E.2d 1337 (1983). *See also Young v. Haines,* 41 Cal.3d 883, 226 Cal.Rptr. 547, 718 P.2d 909 (1986). The same thesis is applied here to permit filing the claim after parentage has been established.

*State ex rel. Wyoming Workers' Compensation Div. v. Halstead,* 795 P.2d 760, 765–66 (Wyo.1990).

In the light of our specific constitutional language, I would eschew the specific rejection of the discovery rule encompassed in the majority opinion. We decide the case on a different and appropriate ground, an implied condition that the appointment of a personal representative must be possible before the two year period of limitations can be said to bar the wrongful death action. In effect, we declare the statute to be tolled during that period. I am convinced that there may be other appropriate situations in which to toll the statute. Yet the rejection of the discovery rule may be perceived by practitioners and the trial bench as foreclosing the tolling of the statute.